UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GALLEGOS,<br><br>           Plaintiff,<br><br>     v.<br><br>SAHOTA, et al.,<br><br>           Defendants. | No.  2:24-cv-2776 CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

     Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

1

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.

28 U.S.C. § 1915(b)(2).

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III.  PLAINTIFF'S COMPLAINT**

Named as defendants are Chief Physician Sahota, Head Nurse Babbala, "doe" Correctional Officer and "doe" Captain, Lieutenant or Sergeant.  (ECF No. 1 at 1.)  Plaintiff alleges that plaintiff has "disability issues, chronic progressive ailments and deformities."  (Id. at 5.)  Plaintiff had been receiving epidural injections in his lower spine and had permanent chronos for a walker, knee brace, back brace and wrist brace.[1]  (Id.)  Plaintiff was given the walker after an "emergency room visit due to my needs, progressive, chronic, medical conditions, deformities, bone/tendon diseases, torn groin, bulging disc and many other medically verified diagnosis…" (Id.)  Plaintiff suffers from "joint effusions, spurs, thoric endplate changes, scoliosis of my lower spine, fact joint disease, degenerative joint disease, oseo arthritis, medial compartment minimization, hooklying hip/pelvis, c-curve spine, etc."  (Id.)  Plaintiff alleges that, "CDCR manufactured/altered/fabricated/omitted legal documents" and colluded with defendants Sahota and Babbala to remove plaintiff's permanent chronos for the walker, knee brace, back brace and wrist brace.  (Id.)  Plaintiff alleges that "they" have refused to give plaintiff epidural injections, in apparent reference to defendants Sahota and Babbala.  (Id.)

Plaintiff alleges that on September 5, 2024, he met with his primary care physician, Dr. Helingh.  (Id. at 6.)  Dr. Helingh "immediately claimed his unwillingness to do what was being dictated to him to do."  (Id.)  Dr. Helingh told plaintiff that Dr. Helingh was a pawn in what defendants Sahota and Babbala were dictating him to do, i.e., remove plaintiff's medical, which was the opposite of Dr. Helingh's "own continuity of care/treatment plan."  (Id.)  Dr. Helingh told

---

[1] In referring to "chronos," plaintiff appears to refer to medical chronos.  A medical chrono is a medical order.  See Terry v. McBride, 2009 WL 3150276, at *1 n. 1 (S.D. Cal. July 6, 2009).

plaintiff that "they" usually listened to Dr. Helingh's recommendations, in apparent reference to defendants Sahota and Babbala. (Id.) Dr. Helingh showed plaintiff an email from defendants Sahota and Babbala stating what they were told by "corrections." (Id.) Plaintiff alleges that, in collusion with defendants Sahota and Babbala, the "doe" defendants manufactured a "false narrative" for the removal of plaintiff's permanent chronos. (Id.) The "doe" defendants manufactured the "false narrative" in retaliation for a "passiveness restiveness situation" that occurred on August 31, 2024. (Id. at 7.) Plaintiff alleges that the "doe" defendants took photos of water bags in plaintiff's cell. (Id.) Plaintiff alleges that he had water bags in case the water was shut off, which the correctional officers knew. (Id.) Plaintiff appears to allege that the "doe" defendants lied, saying that the water bags were workout bags. (Id.) Plaintiff alleges that "corrections" manufactured and exaggerated the August 31, 2024 event to defendants Sahota and Babbala. (Id.) Plaintiff appears to claim that the "doe" defendants falsely stated that plaintiff was fighting staff for a long period of time, plaintiff was really strong and grabbed a correctional officer and threw the correctional officer to the ground, dislocating the correctional officer's shoulder. (Id.) Plaintiff showed Dr. Helingh the rules violation report and it states "passive resistiveness" and that the event was over quick. (Id.) Dr. Helingh told plaintiff to file a grievance. (Id.) Plaintiff alleges that defendants Sahota and Babbala stated that their dictates were coming from corrections to remove plaintiff's permanent chronos. (Id.) Plaintiff alleges that on September 5, 2024, plaintiff filed a health care grievance about this misconduct. (Id. at 6.) Plaintiff's grievance was not accepted as a health care grievance. (Id.) Instead, plaintiff received a blank 602 form.[2] (Id.)

---

[2] In the complaint form, plaintiff checked the boxes indicating that he exhausted the three claims raised in the complaint to the highest level. (ECF No. 1 at 5, 6, 7.) Plaintiff also alleges that prison officials prevented his health care grievance from being assigned as a staff complaint "which shall mandate the 602 being assigned to outside agency/headquarters. They kept it 1st level 'Institutional Assignment.'" (Id. at 7.) Plaintiff also attaches a declaration to the complaint in which he states that the Health Care Grievance Office collected his Emergency Health Care Grievance and "held onto them." (Id. at 8.) Plaintiff alleges that "they" accepted plaintiff's Health Care Grievances that followed, stating that plaintiff "violated the filing of 14 days unless it is an emergency." (Id.) Plaintiff goes on to state that "it was the initial H.C. grievance earmarked 'emergency,' they did not 'R. Brown' respond/assign it within a day/10 as mandated for such a SMFF complaint." (Id.) Plaintiff alleges that "they set it aside then accepted 2 other appeals that

1  Plaintiff's complaint contains three legal claims.  In claim one, plaintiff alleges denial of
2  adequate medical care in violation of the Eighth Amendment, apparently against defendants
3  Sahota and Babbala, based on the alleged discontinuation of plaintiff's epidural injections and the
4  removal of plaintiff's permanent chronos.  (Id. at 5.)  In claim two, plaintiff alleges violation of
5  his right to access the courts, apparently based on the alleged refusal of prison officials to accept
6  his grievance as a health care grievance.  (Id. at 6.)  In claim three, plaintiff appears to allege a
7  claim for deliberate indifference in violation of the Eighth Amendment against the "doe"
8  defendants for "dictating" to defendants Sahota and Babbala to remove plaintiff's permanent
9  chronos.

**IV. ANALYSIS**

**A. Claim One**

This Court finds that claim one states a potentially colorable Eighth Amendment claim against defendants Sahota and Babbala for their alleged discontinuation of plaintiff's epidural injections and removal of plaintiff's chronos for a walker, knee brace, wrist brace and back brace. In support of his concurrently filed motion for injunctive relief plaintiff filed a form titled, "ADA/Effective Communication Patient Summary."[3]  (ECF No. 3 at 14.)  This form states that as of August 29, 2024, plaintiff had a temporary chrono for a back brace and permanent chronos for a walker, knee brace and wrist brace.  (Id.)  Plaintiff also attaches to his motion for injunctive relief a second "ADA/Effective Communication Patient Summary" form reflecting that as of September 11, 2024, plaintiff no longer had chronos for a back brace, walker, knee brace or wrist brace.  (Id. at 15.)  Plaintiff appears to claim that defendants Sahota and Babbala discontinued plaintiff's epidural injections and removed plaintiff's chronos for the back brace, walker, knee

---

were submitted days after in order to then go back to my initial filing HC 602 in order to reject it. This is blatant misconduct that has made appeals unavailable to me …"  Based on these confusing allegations, the status of plaintiff's administration exhaustion is unclear to this Court.

[3]  This Court finds that the "ADA/Effective Communication Patient Summary" forms attached to plaintiff's motion for injunctive relief are incorporated by reference to plaintiff's complaint.  See U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (a document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims.").

brace and wrist brace based on false information they received from the "doe" defendants stating that plaintiff was fighting staff for a long period of time, plaintiff was really strong and grabbed a correctional officer and threw the correctional officer to the ground, dislocating the correctional officer's shoulder. Liberally construed, plaintiff's complaint alleges that defendants Sahota and Babbala knew the information they received from the "doe" defendants was false. These allegations state a potentially colorable Eighth Amendment claim against defendants Sahota and Babbala. See Penn v. Jenner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)) ("[T]o maintain an Eighth Amendment claim based on prison medical treating, an inmate must show 'deliberate indifference to serious medical needs.'").

### B. Claim Two

For the following reasons, this Court finds that claim two fails to state a potentially colorable claim for denial of access to the courts based on plaintiff's allegations that prison officials refused to process plaintiff's health care grievance and instead gave plaintiff a 602 form.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Claim two is dismissed because no defendants are linked to this claim. In addition, for the following reasons, claim two is dismissed for failing to plead sufficient facts demonstrating a violation of plaintiff's right to access the courts.

Prisoners "have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Such "right extends to prison grievance procedures." Carr v. Stelzer, 733 Fed. App'x 361, 362 (9th Cir. May 2, 2018) (citations omitted). Where a prisoner is required to exhaust the administrative grievance process, "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Accordingly, interference with the grievance process may, in certain circumstances, implicate the First Amendment. However, prisoners have no constitutional right to a particular grievance process, and there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes the process to be unfair or not accurate. See Ramirez v. Galaza, 334 F.3d 850 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

In claim two, plaintiff alleges that his health care grievance was returned with a 602 form. In other words, plaintiff was advised to raise his claims in a 602 form rather than a health care grievance. By advising plaintiff to pursue his claims in a 602 form rather than a health care grievance, prison officials did not violate plaintiff's right to access the courts. By advising plaintiff to raise his claims in a 602 rather than a health care grievance, prison officials did not

prevent plaintiff from exhausting his administrative grievances. For these reasons, these allegations do not state a potentially colorable claim for violation of plaintiff's right to access the courts.

As discussed above in footnote one, plaintiff attaches a declaration to his complaint addressing his attempts to exhaust administrative remedies. The allegations in the declaration are so confusing that this Court cannot determine whether they state a potentially colorable claim for violation of plaintiff's right to access the courts. If plaintiff files an amended complaint, he shall clarify these allegations.

### C. Claim Three

Plaintiff appears to claim that the "doe" defendants violated the Eighth Amendment by preparing a document falsely stating that plaintiff fought staff for a long period of time, was strong and grabbed a correctional officer and threw the correctional officer to the ground, dislocating the correctional officer's shoulder. Plaintiff alleges that, based on this the false information in this document, the "doe" defendants "dictated" to defendants Sahota and Babbala that plaintiff's chronos for a walker, back brace, knee brace and wrist brace were to be removed. This Court finds that these allegations state a potentially colorable Eighth Amendment claim against the "doe" defendants.

Plaintiff is advised that "doe" defendants cannot be served until plaintiff has identified them as actual individuals and amended his complaint to substitute names for the "doe" defendants. Through discovery, plaintiff may attempt to identify the identities of the "doe" defendants. Following discovery of the identities of the "doe" defendants, plaintiff shall promptly amend his complaint.

### V. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Sahota and Babbala and pursue his potentially cognizable Eighth Amendment claims against only defendants Sahota, Babbala and the "doe" defendants, or he may delay serving any defendant and attempt to cure the pleading defects as to claim two. If plaintiff elects to proceed forthwith against defendants Sahota, Babbala and the "doe" defendants, against whom he stated potentially cognizable Eighth

Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of claim two without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to cure the pleading defects as to claim two. If plaintiff elects to attempt to amend his complaint to cure the pleading defects as to claim two, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

1  Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

2  can provide the framework of a complaint, they must be supported by factual allegations, and are

3  not entitled to the assumption of truth.  Id.

4        An amended complaint must be complete in itself without reference to any prior pleading.

5  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

6  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

7  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

8  pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

9        Accordingly, IT IS HEREBY ORDERED that:

10        1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

11        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

12  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this Court's order to the

14  Director of the California Department of Corrections and Rehabilitation filed concurrently

15  herewith.

16        3. Claim two is dismissed without leave to amend.  Within thirty days of service of this

17  order, plaintiff may amend his complaint to attempt to cure the pleading defects as to claim two.

18  Plaintiff is not obligated to amend his complaint.

19        4. The allegations in the complaint are sufficient to state potentially cognizable Eighth

20  Amendment claims against defendants Sahota and Babbala (claim one) and against the "doe"

21  defendants (claim three).  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to

22  such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty

23  days from the date of this order.  In this event, the Court will construe plaintiff's election to

24  proceed forthwith as consent to an order dismissing claim two without prejudice.

25        5. Failure to comply with this order will result in a recommendation that this action be

26  dismissed.

27  ///

28  ///

Dated:  October 15, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.14

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GALLEGOS,<br><br>        Plaintiff,<br><br>  v.<br><br>SAHOTA, et al.,<br><br>        Defendants. | No. 2:24-cv-2776 CSK P<br><br>NOTICE OF ELECTION |

      Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with claim one raising Eighth Amendment claims against defendants Sahota and Babbala and claim three raising Eighth Amendment claims against the "doe" defendants. Under this option, plaintiff consents to dismissal of claim two, without prejudice.

     **OR**

_____    Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                             _____
                                                    Plaintiff