UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GALLEGOS, | No. 2:24-cv-2776 CSK P |
| Plaintiff, | |
| v. | ORDER |
| SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 8, 2024, plaintiff filed a complaint and a motion for injunctive relief.  (ECF Nos. 1, 3.)  For the following reasons, defendants Sahota and Babbala are ordered to file a response to plaintiff's motion for injunctive relief.

In the order screening plaintiff's complaint, this Court found that plaintiff stated a potentially colorable Eighth Amendment claim for denial of adequate medical care against defendants Chief Physician Sahota and Head Nurse Babbala.  Plaintiff alleged that defendants Sahota and Babbala discontinued plaintiff's epidural injections and removed plaintiff's permanent chronos for a walker, knee brace, and wrist brace and temporary chrono for a back brace based on a document prepared by the "doe" defendants.[1]  Plaintiff alleged that the document prepared by

---

[1] In referring to "chronos," plaintiff appears to refer to medical chronos.  A medical chrono is a medical order.  See Terry v. McBride, 2009 WL 3150276, at *1 n. 1 (S.D. Cal. July 6, 2009).

1

the "doe" defendants falsely stated that plaintiff fought staff for a long period of time, plaintiff was really strong and plaintiff grabbed a correctional officer and threw the correctional officer to the ground, dislocating the correctional officer's shoulder.  Plaintiff alleged that defendants Sahota and Babbala stated that their "dictates" were coming from corrections to remove plaintiff's chronos.  Liberally construed, plaintiff's complaint alleged that defendants Sahota and Babbala knew the information they received from the "doe" defendants was false.

In the pending motion for injunctive relief, plaintiff seeks reinstatement of his epidural injections and chronos.  Attached to plaintiff's motion is a form titled, "ADA/Effective Communication Summary Patient Summary," dated August 29, 2024.  (ECF No. 3 at 14.)  This form indicates that as of August 29, 2024, plaintiff had permanent chronos for a walker, knee brace and wrist support brace, and a temporary chrono for a back brace.  (Id.)  Also attached to plaintiff's pending motion is a second "ADA/Effective Communication Patient Summary" form.  (Id. at 15.)  This second form indicates that as of September 11, 2024, plaintiff no longer had permanent chronos for a walker, knee brace and wrist support brace, or a temporary chrono for a back brace.  (Id.)

This Court is concerned by plaintiff's claim in his complaint that defendants Sahota and Babbala discontinued plaintiff's epidural injections and removed plaintiff's permanent chronos for a walker, knee brace and wrist support brace and temporary chrono for a back brace based on false information and for reasons unrelated to plaintiff's alleged serious medical needs. Accordingly, defendants are ordered to file a response to plaintiff's motion for injunctive relief, which should also address plaintiff's allegations that his permanent chronos for a walker, knee brace and wrist support brace and temporary chrono for a back brace were removed between August 29, 2024 and September 11, 2024; address whether any of these chronos have been reinstated; whether plaintiff previously received epidural injections; and whether plaintiff is currently receiving epidural injections and, if not, then why not.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall file a response to plaintiff's motion for injunctive relief discussed above within twenty-one days of the date of this order; and

2. The Clerk of the Court is directed to serve this order, a copy of plaintiff's complaint and motion for injunctive relief (ECF Nos. 1, 3) on Supervising Deputy Attorney General Monica Anderson.

Dated:  October 15, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.ord

2