UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GALLEGOS, | No. 2:24-cv-2776 CSK P |
| Plaintiff, | |
| v. | ORDER |
| SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.[1] On October 8, 2024, plaintiff filed a complaint and a motion for injunctive relief. (ECF Nos. 1, 3.) On October 15, 2024, the Court issued an order granting in forma pauperis status and screening the complaint. (ECF No. 7.) Also on October 15, 2024, the Court issued an order requiring defendants Sahota and Babbala to respond to plaintiff's motion for injunctive relief within 21 days. (ECF No. 8.) On October 29, 2024, the Office of the Attorney General specially appeared to respond to the Court's October 15, 2024 Order regarding plaintiff's motion for injunctive relief, arguing that the Court lacks jurisdiction to grant plaintiff's motion where it has not screened the complaint or directed service of the complaint on any

---

[1] The instant order amends the order filed October 16, 2024. (ECF No. 8.)

1

defendant.  (ECF No. 15.)

The Office of the Attorney General is correct that Defendants have not been served and are not required to appear, but is incorrect in arguing that the complaint has not been screened.  If the California Department of Corrections and Rehabilitation, defendants, or the Office of the Attorney General wish to take any position with respect to plaintiff's motion for injunctive relief, they may do so within ten days from the date of this order.

In the order screening plaintiff's complaint, this Court found that plaintiff stated a potentially colorable Eighth Amendment claim for denial of adequate medical care against defendants Chief Physician Sahota and Head Nurse Babbala.  Plaintiff alleged that defendants Sahota and Babbala discontinued plaintiff's epidural injections and removed plaintiff's permanent chronos for a walker, knee brace, and wrist brace and temporary chrono for a back brace based on a document prepared by the "doe" defendants.[2]  Plaintiff alleged that the document prepared by the "doe" defendants falsely stated that plaintiff fought staff for a long period of time, plaintiff was really strong and plaintiff grabbed a correctional officer and threw the correctional officer to the ground, dislocating the correctional officer's shoulder.  Plaintiff alleged that defendants Sahota and Babbala stated that their "dictates" were coming from corrections to remove plaintiff's chronos.  Liberally construed, plaintiff's complaint alleged that defendants Sahota and Babbala knew the information they received from the "doe" defendants was false.

In the pending motion for injunctive relief, plaintiff seeks reinstatement of his epidural injections and chronos.  Attached to plaintiff's motion is a form titled, "ADA/Effective Communication Summary Patient Summary," dated August 29, 2024.  (ECF No. 3 at 14.)  This form indicates that as of August 29, 2024, plaintiff had permanent chronos for a walker, knee brace and wrist support brace, and a temporary chrono for a back brace.  (Id.)  Also attached to plaintiff's pending motion is a second "ADA/Effective Communication Patient Summary" form.  (Id. at 15.)  This second form indicates that as of September 11, 2024, plaintiff no longer had permanent chronos for a walker, knee brace and wrist support brace, or a temporary chrono for a

---

[2] In referring to "chronos," plaintiff appears to refer to medical chronos.  A medical chrono is a medical order.  See Terry v. McBride, 2009 WL 3150276, at *1 n. 1 (S.D. Cal. July 6, 2009).

back brace.  (Id.)

This Court is concerned by plaintiff's claim that defendants Sahota and Babbala discontinued plaintiff's epidural injections and removed plaintiff's permanent chronos for a walker, knee brace and wrist support brace and temporary chrono for a back brace based on false information and for reasons unrelated to plaintiff's alleged serious medical needs.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants, the California Department of Corrections and Rehabilitation, or the Office of the Attorney General **may**, through a special appearance, file a response to plaintiff's request for injunctive relief within ten days from the date of this order; and

2. The Clerk of the Court is directed to serve this order, a copy of plaintiff's complaint and motion for injunctive relief (ECF Nos. 1, 3) on Supervising Deputy Attorney General R. Lawrence Bragg, counsel identified in the Office of the Attorney General's October 29, 2024 filing.

Dated:  November 1, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.ord(R)2