UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GALLEGOS, | No. 2:24-cv-2776 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, plaintiff is granted thirty days to file an amended complaint.

Plaintiff filed the original complaint on October 8, 2024. (ECF No. 1.) On October 16, 2024, this Court issued an order screening plaintiff's original complaint. (ECF. No. 7.) This Court found that plaintiff's original complaint raised potentially colorable Eighth Amendment claims against defendants Sahota, Babbala and the "doe" defendants in claims one and three. (Id.) This Court dismissed claim two for failing to state a potentially colorable claim for relief. (Id.) This Court granted plaintiff thirty days to either file an amended complaint or notify the Court that plaintiff opted to proceed on the potentially colorable claims raised in claims one and three and dismiss claim two without prejudice. (Id.)

///

1

On October 31, 2024, plaintiff filed the Notice of Election form. (ECF No. 18.) In this form, plaintiff indicated that he opted to file an amended complaint. (Id.) However, plaintiff did not file an amended complaint. On November 12, 2024, plaintiff filed a pleading titled, "Addendum to Cure Claim Two." (ECF No. 20.) In this pleading, plaintiff states that he is clarifying his allegations raised in claim two. (Id. at 1.) At the end of this pleading, plaintiff summarizes his claims against defendants Sahota, Babbala and the "doe" defendants raised in claims one and three of the original complaint. (Id. at 6-7.)

This Court does not construe plaintiff's November 12, 2024 pleading as an amended complaint because it fails to include a demand for relief as required by Federal Rule of Civil Procedure 8(a)(3). It also appears that plaintiff's November 12, 2024 pleading does not include all of the allegations against defendants Sahota, Babbala and the "doe" defendants raised in the original complaint. As the Court advised plaintiff in the October 16, 2024 order, an amended complaint must be complete in itself without reference to any prior pleading. See Local Rule 220; Ramirez v. County of San Bernardino, 806 F.2d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent'" (internal citation omitted)). Once plaintiff files the amended complaint, the original pleading is superseded. Accordingly, plaintiff is granted thirty days from the date of this order to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order to file an amended complaint;

2. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint by a prisoner; and

3. Plaintiff shall prepare his amended complaint on the form provided by the Clerk of the Court.

If an amended complaint is not filed within 30 days, plaintiff is warned that this action will proceed on claims one and three of the original complaint, which this Court found raised potentially colorable Eighth Amendment claims against defendants Sahota, Babbala and the "doe" defendants. (ECF. No. 7.)

Dated: November 14, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.ame

2