1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BENJAMIN GALLEGOS,                      No.  2:24-cv-2776 TLN CSK P

12                   Plaintiff,

13          v.                                ORDER

14   SAHOTA, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's pleading filed October 24, 2024,

19   docketed as "motion for reassignment."  (ECF No. 12.)  This Court construes plaintiff's October

20   24, 2024 pleading as a request for recusal.  For the reasons stated herein, plaintiff's request for

21   recusal is denied.

22   **I. LEGAL STANDARD FOR RECUSAL**

23          Federal law allows a judge to recuse from a matter based on a question of partiality:

24              Any justice, judge, or magistrate judge of the United States shall
                disqualify himself in any proceeding in which his impartiality might
25              reasonably be questioned. [¶] He shall also disqualify himself ... [¶]
                [w]here he has a personal bias or prejudice concerning a party, or
26              personal knowledge of disputed evidentiary facts concerning the
                proceeding ....
27

28   28 U.S.C. § 455(a), (b)(1).

                                                    1

A party may also seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [¶] The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists ....

28 U.S.C. § 144.

Relief under Section 144 is conditioned upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (if the affidavit is legally insufficient, then recusal can be denied).

The standard for legal sufficiency under Sections 144 and 455 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. Sibla, 624 F.2d at 869. A judge's previous adverse ruling alone is not sufficient for recusal. Nelson, 718 F.2d at 321.

**II. ANALYSIS**

In the pending request, plaintiff claims that he submitted his complaint by e-filing on October 8, 2024. (ECF No. 12.) Plaintiff appears to claim that the filing of his complaint was wrongly delayed by court staff, including clerks and magistrate judges. (Id. at 1-2.) Plaintiff also states, "I do not want the same magistrates that have been committing clear error on this case

also." (Id. at 2.)

To the extent plaintiff alleges bias, prejudice and impartiality, plaintiff's request for recusal is substantially insufficient.[1] Plaintiff's request fails to allege facts to support a contention that this Court has exhibited bias or prejudice directed toward plaintiff from an extrajudicial source. Accordingly, this Court finds that plaintiff's request for recusal is legally insufficient under Sections 144 and 455.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reassignment (ECF No. 12), construed as a request for recusal, is denied.

Dated: November 14, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.req

2

---

[1] In the pending motion, plaintiff alleges that he submitted his complaint for e-filing on October 8, 2024. (ECF No. 12 at 1.) Plaintiff claims that his complaint was not filed until eight days later. (Id. at 2.) Court records reflect that plaintiff's complaint was filed on October 8, 2024. (ECF No. 1.)