UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GALLEGOS, | No. 2:24-cv-2776 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| SAHOTA, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, plaintiff's motion for a preliminary injunction filed October 8, 2024 (ECF No. 3) is denied without prejudice.

    On October 8, 2024, plaintiff filed his original complaint and pending motion for injunctive relief.  (ECF Nos. 1, 3.)  On October 16, 2024, this Court issued an order screening plaintiff's original complaint.  (ECF No. 7.)  This Court found that claims one and three raised potentially colorable Eighth Amendment claims against defendants Sahota, Babbala and the "doe" defendants.  (Id.)  This Court found that claim two did not state a potentially colorable claim for relief.  (Id.)  This Court granted plaintiff thirty days to either file an amended complaint or inform the Court that plaintiff opted to proceed on the potentially colorable claims raised in claims one and three and dismiss claim two without prejudice.  (Id.)

///

1

On October 31, 2024, plaintiff filed the Notice of Election form.  (ECF No. 18.)  In this form, plaintiff indicated that he opted to file an amended complaint.  (Id.)  However, plaintiff did not file an amended complaint.  On November 12, 2024, plaintiff filed a pleading titled, "Addendum to Cure Claim Two."  (ECF No. 20.)  On November 15, 2024, this Court issued an order finding that plaintiff's pleading filed November 12, 2024 could not be construed as an amended complaint.  (ECF No. 21.)  This Court granted plaintiff thirty days to file an amended complaint.  (Id.)

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  Based on plaintiff's intent to file an amended complaint, as reflected by the Notice of Election form and plaintiff's November 12, 2024 pleading, this Court finds that there is no current claim to be evaluated in order to determine whether plaintiff is likely to succeed on the merits.  For this reason, plaintiff's motion for a preliminary injunction filed October 8, 2024 is denied without prejudice.  Plaintiff may renew his motion for injunctive relief after he files an amended complaint.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a preliminary injunction (ECF No. 3) is denied without prejudice.

Dated:  November 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.den/2

---

[1] This Court observes that in the motion for injunctive relief plaintiff sought, in part, reinstatement of his epidural injections. (ECF No. 3.)  On November 12, 2024, by special appearance, the Office of the Attorney General informed the Court that plaintiff's epidural injections were scheduled to be reinstated on November 6, 2024. (ECF No. 19.)  Therefore, plaintiff appears to have received some of the relief sought in the motion for injunctive relief.