1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BENJAMIN GALLEGOS,                              No.  2:24-cv-2776 TLN CSK P

12                    Plaintiff,

13            v.                                      FINDINGS AND RECOMMENDATIONS

14    SAHOTA, et al.,

15                    Defendants.

16

17            Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's amended complaint.  (ECF No. 25.)

19    **I.  SCREENING STANDARDS**

20            The court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

23    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

25            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

28    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

4  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

5  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

6  1227.

7      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

8  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

9  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

10  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

12  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

13  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

14  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

15  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

16  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

17  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

18  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

19  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

20  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

21  **II.  AMENDED COMPLAINT**

22      Named as defendants are Dr. Sahota, Nurse Babbala, Appeals Coordinator Brown,

23  Appeals Coordinator Leahy, Dr. Hling, Lieutenant Anderson, "doe" Captain/Lieutenant and

24  "doe" Correctional Officer.  (ECF No. 25 at 1-2.)  Plaintiff's amended complaint contains three

25  claims for relief.

26      **A.  Claim One**

27      In claim one, plaintiff alleges violation of his Eighth Amendment right to adequate

28  medical care.  (Id. at 5.)  Plaintiff alleges that his permanent chronos for durable medical

2

equipment ("DME") have been in place for years.[1]  (Id.)  Plaintiff identifies his DMEs as a

walker, knee brace, back brace and wrist brace.  (Id.)  Plaintiff also alleges that he has permanent

chronos for a lower bed and no stairs.  (Id.)  In the past, when plaintiff did not have these chronos,

plaintiff suffered injuries.  (Id.)  Plaintiff alleges that defendants Sahota and Babbala "colluded"

with California Department of Corrections and Rehabilitation ("CDCR") officials to remove

plaintiff's permanent DME chronos "overnight" based on a false document.  (Id.)  This Court

finds that plaintiff states a potentially colorable Eighth Amendment inadequate medical care

claim against defendants Sahota and Babbala for their alleged removal of plaintiff's DME

chronos.

### B.  Claim Two

In claim two, plaintiff alleges violation of the Fourteenth Amendment, the Equal

Protection Clause, the Eighth Amendment and the First Amendment right of access to the courts.

(Id. at 6.)  Plaintiff alleges that on September 5, 2024 plaintiff was called to a meeting with

defendant Hling, plaintiff's primary care provider.  (Id.)  Defendant Hling told plaintiff that

"they" told defendant Hling to remove plaintiff's chronos.  (Id.)  Defendant Hling told plaintiff

that defendant Hling was a pawn in the situation.  (Id.)  Defendant Hling told plaintiff that

plaintiff was there because of an incident that occurred on August 31, 2024.  (Id.)  Defendant

Hling turned his computer on and read to plaintiff the lies, fabrications and omissions regarding

the August 31, 2024 incident, on which the decision to remove plaintiff's DME chronos was

apparently based.  (Id.)  Defendant Hling told plaintiff to file a grievance regarding the situation.

(Id.)  Defendant Hling told plaintiff that he had no choice but to remove plaintiff's chronos.  (Id.)

This Court finds that these allegations state a potentially colorable Eighth Amendment inadequate

medical care claim against defendant Hling based on defendant Hling's alleged removal of

plaintiff's DME chronos.

In claim two, plaintiff also alleges that on September 5, 2024, plaintiff filed an emergency

health care grievance based on the removal of plaintiff's DME chronos.  (Id. at 6, 9.)  After this

---

[1]  A medical chrono is a medical order.  See Terry v. McBride, 2009 WL 3150276, at *1 n. 1
(S.D. Cal. July 6, 2009).

grievance was rejected, plaintiff corrected it and resubmitted this grievance as an emergency health care grievance and a staff complaint. (Id. at 9.) Plaintiff alleges that "defendants" refused to refer his grievance to headquarters and instead kept his grievance within their own jurisdiction. (Id. at 8.) Plaintiff claims that as of December 8, 2024, he has not been able to send his grievance to headquarters due to actions by defendants Brown and Leahy. (Id. at 9.) Plaintiff appears to allege that defendants Brown and Leahy also refused to accept his health care grievance as an emergency grievance and as a staff complaint. (Id. at 9, 10.) Plaintiff alleges "that is 3 months" of defendants Brown and Leahy obstructing his emergency health care grievance. (Id. at 9.) Plaintiff alleges that during this time, he suffered without his DMEs. (Id.) Plaintiff alleges that he cannot go to meet his appellate lawyer because "it is two flights of stairs to go up/straight up, in order to reach visiting." (Id.) Plaintiff alleges that without the DMEs, he cannot walk up the stairs without injuring himself. (Id.) This Court also observes that in claim one, plaintiff alleges that he had to be carried out on a stretcher to receive a steroid injection to cope with the pain caused by not having his DMEs. (Id. at 5.) Plaintiff alleges that he has not received a response to his grievance in over 40 days from the appeals coordinators, i.e., defendants Brown and Leahy. (Id. at 10.) Plaintiff also alleges that defendant Babbala was wrongly assigned to oversee plaintiff's grievance. (Id. at 15-16.) Plaintiff alleges that defendant Sahota attempted to hear plaintiff's health care grievance knowing that it involved her. (Id. at 17.) Defendant Sahota then stated, "Oh I cannot be involved in this hearing since the HC grievance is on me." (Id.) Plaintiff alleges that defendant Brown, who screened plaintiff's grievance, told defendant Sahota that she was named in the grievance but defendant Sahota "pa[id] it no mind." (Id.)

Plaintiff also alleges that he filed a "corrections" grievance apparently against the prison officials who made false claims against plaintiff based on the August 31, 2024 incident. (Id. at 14-15.) Plaintiff appears to allege that the "RN" drew a line through the log number of the "corrections" grievance and replaced it with the log number of plaintiff's related health care grievance. (Id. at 15.)

Plaintiff's due process, equal protection and access to the courts claims appear to relate to plaintiff's allegations regarding the processing of his grievances. For the following reason, this

4

1    Court finds that plaintiff's allegations regarding the alleged mishandling of his health care and

2    corrections grievances do not state a potentially colorable Fourteenth Amendment due process

3    claim.  Inmates do not have a constitutional right to an effective grievance or appeal procedure.

4    See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640

5    (9th Cir. 1988).  Accordingly, plaintiff does not state a potentially colorable Fourteenth

6    Amendment due process claim based on the alleged mishandling of his grievances.  See Terrill v.

7    Grannis, 2012 WL 5906648, at *8 (E.D. Cal. Nov. 26, 2012), findings and recommendations

8    adopted, 2013 WL 524320 (E.D. Cal. Feb. 11, 2013) (dismissing for failure to state a claim

9    plaintiff's due process claims based on dissatisfaction with the inmate grievance procedure).

10          For the following reasons, this Court finds that plaintiff's allegations regarding the

11    mishandling of his health care and corrections grievances do not state a potentially colorable

12    equal protection claim.  Pursuant to the Equal Protection Clause of the Fourteenth Amendment,

13    persons who are similarly situated must be treated alike.  See City of Cleburne, Texas v. Cleburne

14    Living Center, 473 U.S. 432, 439 (1985).  To state an equal protection claim, plaintiff generally

15    must allege that he was intentionally discriminated against on the basis of membership in a

16    protected class.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  If the action in

17    question does not involve a suspect classification, plaintiff may establish an equal protection

18    claim by showing that similarly situated individuals were intentionally treated differently without

19    a rational relationship to a legitimate state purpose.  See Village of Willowbrook v. Olech, 528

20    U.S. 562, 564 (2000).

21          Plaintiff fails to state a potentially colorable equal protection claim under either theory set

22    forth above.  Plaintiff fails to allege that defendants intentionally discriminated against plaintiff in

23    the processing of plaintiff's grievances based on plaintiff's membership in a suspect class.

24    Plaintiff also fails to allege that similarly situated individuals were intentionally treated

25    differently without a rational relationship to a legitimate state purpose.

26          For the following reasons, this Court finds that plaintiff's allegations regarding the

27    mishandling of his grievances do not state a potentially colorable claim for violation of plaintiff's

28    right to access the courts.  As part of their First Amendment right to access the courts, prisoners

5

1 have a right to file prison grievances.  See Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  A

2 prison official's alleged failure to process an inmate grievance may implicate a prisoner's First

3 Amendment right of access to the courts, but to state such a claim, a plaintiff must show that he

4 suffered an "actual injury" because of a defendant's actions.  See Lewis v. Casey, 518 U.S. 343,

5 351-55 (1996).  To establish an actual injury, a prisoner must show that a defendant hindered the

6 prisoner's efforts to pursue a nonfrivolous claim concerning his conviction or conditions of

7 confinement.  See id. at 354-55.  Plaintiff appears to suggest that defendants' failure to properly

8 process his health care and corrections grievances may prevent plaintiff from exhausting

9 administrative remedies, as required to bring the claims raised in the instant action.  See

10 42 U.S.C. § 1997e(a).  However, plaintiff fails to demonstrate an actual injury because plaintiff

11 does not show that the claims raised in these grievances have been rejected by this or any other

12 court for failure to exhaust administrative remedies.  This Court also observes that although

13 prisoners are required to exhaust their administrative remedies prior to bringing suit pursuant to

14 42 U.S.C. § 1997e(a), such exhaustion may be excused where administrative procedures were

15 unavailable when prison administrators thwart the inmate from taking advantage of the grievance

16 process through machination, misrepresentation or intimidation.  See Ross v. Blake, 578 U.S.

17 632, 643-44 (2016).

18      Plaintiff also appears to claim that the alleged mishandling of his health care grievance

19 challenging the removal of his DME chronos violated the Eighth Amendment.  Plaintiff alleges

20 that defendants Brown and Leahy failed to process his health care grievance challenging the

21 removal of his DME chronos as an emergency grievance and/or as a staff complaint.  Citing

22 California Code of Regulations Title 15, § 3999.233(b) and California Department of Corrections

23 and Rehabilitation ("CDCR") Operations Manual § 54100.25, plaintiff alleges that prison

24 officials are required to respond to emergency grievances and staff complaints within five

25 working days.  (ECF No. 25 at 7, 11.)  Plaintiff suggests that defendants' failure to process his

26 health care grievance as an emergency grievance and/or staff complaint delayed plaintiff's receipt

27 of the relief sought in the health care grievance.  (Id.)  This Court finds that plaintiff's claim

28 alleging that defendants Brown and Leahy failed to process plaintiff's health care grievance

6

1   regarding the removal of his DME chronos as an emergency grievance and/or as a staff complaint

2   states a potentially colorable Eighth Amendment claim.  See Shapley v. Nev. Bd. of State Prison

3   Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (a delay in treatment can violate the constitution if it

4   results in injury); Herrera v. Hall, 2010 WL 2791586, at *4 (E.D. Cal. July 14, 2010), findings

5   and recommendations adopted, 2010 WL 3430412 (E.D. Cal. Aug. 30, 2010) ("[I]f there is an

6   ongoing constitutional violation and the appeals coordinator had the authority and opportunity to

7   prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the

8   appeals coordinator knew about an impending violation and failed to prevent it.").

9        Plaintiff also appears to suggest that defendants Brown and Leahy violated the Eighth

10   Amendment by failing to timely process plaintiff's health care grievance as a non-emergency

11   grievance.  As stated above, plaintiff alleges that, "I have not received a response in over 40 days

12   from my appeal from the appeals coordinators…"  (ECF No 25 at 10.)  However, plaintiff also

13   cites regulations stating that health care grievances at the first level of review shall be returned to

14   the plaintiff within 45 business days after the grievance is received.  See Cal. Code Regs., tit.

15   15, § 3999.228(i).  (ECF No. 25 at 7.)  Based on the allegations in the amended complaint, this

16   Court cannot find that defendants Brown and Leahy failed to timely process plaintiff's health care

17   grievance as a non-emergency grievance.

18        Plaintiff also alleges that his health care grievance challenging the removal of his DME

19   chronos was wrongly assigned to defendant Sahota and wrongly overseen by defendant Babbala.

20   However, plaintiff alleges that defendant Sahota removed herself from consideration of plaintiff's

21   grievance at the hearing.  While plaintiff alleges that defendant Sahota had to have known that

22   she was named in the grievance before the hearing, this Court finds that these allegations do not

23   rise to an Eighth Amendment claim against defendant Sahota.  While plaintiff alleges that

24   defendant Babbala was assigned to oversee plaintiff's health care grievance challenging the

25   removal of plaintiff's DME chronos, plaintiff provides no additional allegations regarding

26   defendant Babbala's involvement in the processing of his health care grievance.  This Court finds

27   that these allegations against defendant Babbala do not state a potentially colorable Eighth

28   Amendment claim.

**3. Claim Three**

In claim three, plaintiff alleges violation of his Eighth Amendment right to adequate medical care.  (Id. at 21.)  Plaintiff alleges that defendant Anderson and "doe" defendants prepared documents based on the August 31, 2024 incident making false statements about plaintiff that led to the removal of plaintiff's DME chronos.  (Id.)  Plaintiff also alleges that defendants Sahota and Babbala denied plaintiff epidural injections based on the false information in the documents prepared by the "doe" defendants and defendant Anderson.  (Id.)  Plaintiff alleges that defendants Sahota and Babbala knew that the statements in these documents were false.  (Id.)

This Court finds that plaintiff states potentially colorable Eighth Amendment claims against "doe" defendants and defendant Anderson based on the false reports they allegedly prepared that led to the removal of plaintiff's DME chronos.  This Court also finds that plaintiff states potentially colorable Eighth Amendment claims against defendants Sahota and Babbala for their alleged discontinuation of plaintiff's epidural injections based on these false reports.

Plaintiff is advised that "doe" defendants cannot be served until plaintiff has identified them as actual individuals and amended his complaint to substitute names for the "doe" defendants.  Through discovery, plaintiff may attempt to identify the identities of the "doe" defendants.  Following discovery of the identities of the "doe" defendants, plaintiff shall promptly amend his complaint.

**III.  CONCLUSION**

For the reasons discussed above, this Court finds that the following claims raised in the amended complaint are not potentially colorable: 1) the due process, equal protection and access to the courts claims raised in claim two; 2) the Eighth Amendment claim raised in claim two against defendants Brown and Leahy based on their alleged failure to timely process plaintiff's health care grievance as a non-emergency grievance; and 3) the Eighth Amendment claims raised in claim two against defendants Sahota and Babbala based on their participation in the grievance process.  This Court recommends dismissal of these claims without leave to amend because it does not appear that plaintiff can cure the pleading defects as to these claims.  See Lucas v. Dep't

8

1  of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can

2  cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an

3  opportunity to amend prior to dismissal of the action.").  This Court separately orders service of

4  the following claims found potentially colorable:  1) claim one against defendants Sahota and

5  Babbala for allegedly removing plaintiff's DME chronos in violation of the Eighth Amendment

6  right to adequate medical care; 2) claim two against defendant Hling for allegedly removing

7  plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care;

8  3) claim two against defendants Brown and Leahy for allegedly failing to treat plaintiff's health

9  care grievance regarding the removal of the DME chronos as an emergency grievance and/or staff

10  complaint in violation of the Eighth Amendment right to adequate medical care; 4) claim three

11  against defendants Sahota and Babbala for discontinuing plaintiff's epidural injections in

12  violation of the Eighth Amendment right to adequate medical care; and 5) claim three against

13  defendant Anderson for allegedly preparing documents containing false statements that led to the

14  removal of plaintiff's DME chronos in violation of the Eighth Amendment right to adequate

15  medical care.

16       Accordingly, IT IS HEREBY RECOMMENDED that the following claims raised in the

17  amended complaint be dismissed without leave to amend: 1) the due process, equal protection and

18  access to the courts claims raised in claim two; 2) the Eighth Amendment claims raised in claim

19  two against defendants Brown and Leahy based on their alleged failure to timely process

20  plaintiff's health care grievance as a non-emergency grievance; and 3) the Eighth Amendment

21  claims raised in claim two against defendants Sahota and Babbala based on their participation in

22  the grievance process.

23       These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25  after being served with these findings and recommendations, plaintiff may file written objections

26  with the court and serve a copy on all parties.  Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

28  failure to file objections within the specified time may waive the right to appeal the District

1    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2

3    Dated:  April 7, 2025

4                                                          _____
                                                           CHI SOO KIM
5                                                          UNITED STATES MAGISTRATE JUDGE

6

7

8    Gall2776.ame(2)/2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28