UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ROBERT GALLEGOS,

Plaintiff,

v.

SAHOTA, et al.,

Defendants.

No. 2:24-cv-2776 TLN CSK P

FINDINGS AND RECOMMENDATIONS

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for a preliminary injunction. (ECF No. 42.) For the following reasons, this Court recommends that plaintiff's motion for a preliminary injunction be denied.

**II. LEGAL STANDARD FOR INJUNCTIVE RELIEF**

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." Id. at 20.

**III. BACKGROUND**

On April 8, 2025, this Court ordered service of the following claims raised in plaintiff's amended complaint: 1) claim one against defendants Chief Physician Sahota and Head Nurse Babbala for allegedly removing plaintiff's Durable Medical Equipment ("DME") chronos for a walker, knee brace, back brace and wrist brace in violation of the Eighth Amendment right to adequate medical care; 2) claim two against defendant Hling for allegedly removing plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care; 3) claim two against defendants Brown and Leahy for allegedly failing to treat plaintiff's grievance regarding the removal of the DME chronos as an emergency grievance and/or staff complaint in violation of the Eighth Amendment right to adequate medical care; 4) claim three against defendants Sahota and Babbala for allegedly discontinuing plaintiff's epidural injections in violation of the Eighth Amendment right to adequate medical care; and 5) claim three against defendant Anderson for allegedly preparing documents containing false statements that led to the removal of plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care. (ECF No. 27.)

In a pleading filed June 27, 2025, docketed as "Notice of Peremptory Writ," plaintiff stated that his DME chronos, allegedly removed by defendants on September 5, 2024, had "all been put back into place." (ECF No. 41 at 1.)

On July 21, 2025, plaintiff filed the pending motion for injunctive relief. (ECF No. 42.) Plaintiff requested a court order holding his medical treatment plan and DME chronos "in place." (Id. at 4.) Plaintiff claimed that on June 26, 2025, plaintiff refused to be seen by a "covering physician" who told plaintiff that she was "there for his walker and…" (Id. at 2.) Plaintiff cut the "covering physician" off by saying, "Do not talk to me, I refuse to have you anywhere near my treatment plan. I know you are here to commit medical malpractice and alter my medical/DME's in a backwards attempt to cover for your boss in my lawsuit against her." (Id.) Plaintiff was ushered out of the clinic. (Id.)

Attached to plaintiff's pending motion is a document titled, "ADA/Effective Communication Patient Summary," listing plaintiff's DME issued as of August 29, 2024. (Id. at

6.) Included on this list is, "walkers permanent." (Id.) Also listed as permanent are knee braces and a wrist support brace. (Id.) A back brace is listed as temporary. (Id.) Attached to plaintiff's pending motion is a second "ADA/Effective Communication Patient Summary," listing plaintiff's DME issued as of September 26, 2024. (Id.) A walker is not on this list. (Id. at 7.) Also not on this list are knee braces, a wrist support brace or a back brace. (Id.) Attached to plaintiff's pending motion is a third "ADA/Effective Communication Patient Summary," listing plaintiff's DME issued as of June 4, 2025. (Id. at 8.) Included on this list is, "walkers permanent." (Id.) Also listed as permanent are knee braces and a wrist support brace. (Id.) A back brace is not on this list. (Id.) Also attached to plaintiff's pending motion is a document titled, "Refusal of Examination and/or Treatment." (Id. at 9.) This document indicates that on June 26, 2025 plaintiff refused treatment from a primary care physician. (Id.) This form appears to contain a handwritten note by the primary care physician stating, "DPM status eval. IP has walker but not designated DPM." (Id.)

On July 29, 2025, this Court found that in the pending motion for injunctive relief, plaintiff requested an order preventing defendants from again removing plaintiff's DME chronos. (ECF No. 43 at 3.) This Court found that plaintiff's June 27, 2025 pleading and the pending motion indicated that plaintiff's DME chronos, allegedly removed by defendants in September 2024, were restored. (Id. at 3-4.) However, the documents attached to the pending motion suggested that the primary care physician who examined plaintiff on June 26, 2025 may have sought to remove plaintiff's walker, which plaintiff had been permanently assigned as of June 4, 2025. (Id. at 4.) This Court ordered defendants to file a response to plaintiff's motion for injunctive relief addressing the status of plaintiff's access to his walker. (Id.)

On August 19, 2025, defendants filed a response to the July 29, 2025 order addressing the status of plaintiff's access to his walker. (ECF No. 44.) In a declaration attached to the response, defendant Sahota states that on August 18, 2025, defendant Sahota conducted a review of plaintiff's medical chart to find out whether plaintiff had a permanent accommodation for a walker. (ECF No. 44-1 at 2.) Defendant Sahota states that as of August 18, 2025, plaintiff had a permanent accommodation for a walker. (Id.) Attached to defendant Sahota's declaration is a

copy of a document titled "ADA/Effective Communication Patient Summary." (Id. at 4.) This document indicates that as of August 18, 2025, plaintiff had a permanent chrono for a walker. (Id.) This document also indicates that as of August 18, 2025, plaintiff had permanent chronos for knee braces and a wrist support brace. (Id.) A back brace is not listed in this document. (Id.)

**IV. DISCUSSION**

In the pending motion, plaintiff requests an order preventing defendants from removing plaintiff's DME chronos. As discussed above, in the June 27, 2025 pleading and the pending motion, plaintiff claimed that the DME chronos allegedly removed by defendants in September 2024 were restored. In the pending motion, plaintiff claimed that on June 26, 2025, a doctor sought to remove his permanent chrono for a walker. Defendants submitted evidence demonstrating that as of August 18, 2025, plaintiff has permanent chronos for a walker, knee braces and a wrist support brace. In the pending motion, plaintiff raises no claim regarding the apparent removal of the temporary chrono for a back brace. Based on this record, this Court finds that plaintiff fails to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. For these reasons, this Court recommends that plaintiff's motion for injunctive relief be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 42) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

///

///

Dated: August 20, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.inj(2)/2