UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, | No. 2:24-cv-2776 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 25, 2025, plaintiff filed a pleading docketed as a supplement to the amended complaint. (ECF No. 49.) For the following reasons, plaintiff's supplemental complaint, construed as a proposed second amended complaint, is disregarded.

This action proceeds on the following claims raised in plaintiff's amended complaint filed December 11, 2024: 1) claim one against defendants Chief Physician Sahota and Head Nurse Babbala for allegedly removing plaintiff's Durable Medical Equipment ("DME") chronos for a walker, knee brace, back brace and wrist brace in violation of the Eighth Amendment right to adequate medical care; 2) claim two against defendant Hling for allegedly removing plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care; 3) claim two against defendants Brown and Leahy for allegedly failing to treat plaintiff's grievance regarding the removal of the DME chronos as an emergency grievance and/or staff complaint in violation of

the Eighth Amendment right to adequate medical care; 4) claim three against defendants Sahota and Babbala for allegedly discontinuing plaintiff's epidural injections in violation of the Eighth Amendment right to adequate medical care; and 5) claim three against defendant Anderson for allegedly preparing documents containing false statements that led to the removal of plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care.  (ECF No. 27.)

In the supplemental complaint, plaintiff states that he seeks to add three additional claims against defendant Anderson for alleged violations of the First, Fifth and Fourteenth Amendments based on events occurring on August 31, 2024  (ECF No. 49 at 3.)  In the supplemental complaint, plaintiff claims that the events occurring on August 31, 2024 led to the deprivations alleged in the amended complaint.  (Id. at 2.)

A supplemental complaint, which is different than an amended complaint, adds allegations regarding events occurring after the date of the pleading to be supplemented.  Fed. R. Civ. P. 15(d).  Plaintiff's supplemental complaint adds allegations regarding events occurring before the filing of the amended complaint.  Therefore, plaintiff's supplemental complaint is construed as a proposed second amended complaint.  See Fed. R. Civ. P. 15(a).

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citation omitted).  Plaintiff's proposed second amended complaint is disregarded because it contains only the new claims against defendant Anderson.  Plaintiff's proposed second amended complaint does not contain the claims raised in the amended complaint on which this action proceeds.  Plaintiff's proposed second amended complaint is also disregarded because plaintiff did not file a motion for leave to file a second amended complaint.

///
///
///
///

2

1   Accordingly, IT IS HEREBY ORDERED that plaintiff's supplemental complaint (ECF
2   No. 49), construed as a proposed second amended complaint, is disregarded.

4   Dated: October 3, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11  Gall2776.supp/2