UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>SAHOTA, et al.,<br><br>    Defendants. | No. 2:24-cv-2776 TLN CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On December 1, 2025, plaintiff filed a pleading titled, "Judicial Notice—Informal Communication Request." (ECF No. 51.) For the following reasons, no further orders will issue addressing this pleading.

**II. BACKGROUND**

On April 8, 2025, this Court ordered service of the following claims raised in plaintiff's amended complaint: 1) claim one against defendants Chief Physician Sahota and Head Nurse Babbala for allegedly removing plaintiff's Durable Medical Equipment ("DME") chronos for a walker, knee brace, back brace and wrist brace in violation of the Eighth Amendment right to adequate medical care; 2) claim two against defendant Hling for allegedly removing plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care; 3) claim two

1

against defendants Brown and Leahy for allegedly failing to treat plaintiff's grievance regarding the removal of the DME chronos as an emergency grievance and/or staff complaint in violation of the Eighth Amendment right to adequate medical care; 4) claim three against defendants Sahota and Babbala for allegedly discontinuing plaintiff's epidural injections in violation of the Eighth Amendment right to adequate medical care; and 5) claim three against defendant Anderson for allegedly preparing documents containing false statements that led to the removal of plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care. (ECF No. 27.)

On July 21, 2025, plaintiff filed a motion for injunctive relief. (ECF No. 42.) Plaintiff requested a court order holding his medical treatment plan and DME chronos "in place." (Id. at 4.) On August 21, 2025, this Court recommended that plaintiff's motion for injunctive relief filed July 21, 2025 be denied. (ECF Nos. 46.) These findings and recommendations are pending before the district court.

### III. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE FILED DECEMBER 1, 2025

In the request for judicial notice filed December 1, 2025, plaintiff states that he is informing this Court of the recent tactics used to retaliate against plaintiff and to target plaintiff's chronos, DME's and to manipulate plaintiff's housing by wrongful alterations to plaintiff's DPP Code.[1] (ECF No. 51 at 1.) Plaintiff states that his DPP code was improperly changed so that plaintiff would be eligible for transfer to another Level IV prison. (Id. at 2.) After plaintiff "crashed" and went to a mental health crisis bed, plaintiff's DPP code was restored to the original code. (Id.) Plaintiff states that "they have decided" that they do not want anyone with walkers on this yard. (Id.) Plaintiff states that "the medical doctor is not respecting my right to refuse his treatment (I can't even get my referral to have my epidural shots Your Honor)." (Id.) Plaintiff states that he previously sought an injunction, but defendants replied that plaintiff's DME's were

---

[1] DPP appears to refer to the California Department of Corrections and Rehabilitation's ("CDCR") Disability Placement Program, which is designed to protect against discrimination towards disabled inmates and to ensure that participants are housed in facilities offering a range of programming equivalent to that available to non-disabled inmates. See Williams v. CDCR, 2017 WL 6016946, at *1 (E.D. Cal. Dec. 5, 2017).

in place.  (Id. at 3.)  Plaintiff states "but here they are again trying to remove my DME's/walker and alter my medical to manipulate my housing."  (Id.)  Plaintiff states that he is informally notifying this Court of his plight and laying the foundation if further wrongs are forced on plaintiff by his current primary care provider.  (Id.)  Plaintiff requests an order directing that his "medical to not be altered at all."  (Id.)  Plaintiff also requests an order directing that plaintiff be given spinal epidural injections.  (Id.)  Plaintiff also states that the primary care physician is trying to force plaintiff to see him and not following plaintiff's right to refuse his treatment.  (Id. at 4.)

Plaintiff's request for judicial notice is confusing because plaintiff states that the purpose of this pleading is to provide this Court with information, yet plaintiff also requests orders from this Court.  Federal Rule of Civil Procedure 7(b)(1) states that a request for a court order must be made by motion.  A motion for a court order must state with particularity the grounds for seeking the order and state the relief sought.  Fed. R. Civ. P. 7(b)(1)(B), (C).  To the extent plaintiff's request for judicial notice seeks orders from this Court, plaintiff's request for court orders is defective because the request is not made by motion as required by Rule 7(b)(1).  For this reason, no further court orders will issue addressing the request for judicial notice.[2]

Accordingly, IT IS HEREBY ORDERED that no further court orders will issue addressing plaintiff's request for judicial notice (ECF No. 51).

Dated:   December 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.dis(2)/2

---

[2] Plaintiff's previous filing of a motion for injunctive relief demonstrates plaintiff's ability to file a motion for injunctive relief.

3