UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ROBERT GALLEGOS,

Plaintiff,

v.

SAHOTA, et al.,

Defendants.

No.  2:24-cv-2776 TLN CSK P

FINDINGS AND RECOMMENDATIONS

## I.  INTRODUCTION

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for a preliminary injunction filed January 7, 2026.  (ECF No. 59.)  For the following reasons, this Court recommends that plaintiff's motion for a preliminary injunction be denied.

## II.  LEGAL STANDARD FOR INJUNCTIVE RELIEF

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008).  A plaintiff seeking preliminary injunctive relief must establish (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest."  Id. at 20.

1

### III.  BACKGROUND

On April 8, 2025, this Court ordered service of the following claims raised in plaintiff's amended complaint: 1) claim one against defendants Chief Physician Sahota and Head Nurse Babbala for allegedly removing plaintiff's Durable Medical Equipment ("DME") chronos for a walker, knee brace, back brace and wrist brace in violation of the Eighth Amendment right to adequate medical care; 2) claim two against defendant Hling for allegedly removing plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care; 3) claim two against defendants Brown and Leahy for allegedly failing to treat plaintiff's grievance regarding the removal of the DME chronos as an emergency grievance and/or staff complaint in violation of the Eighth Amendment right to adequate medical care; 4) claim three against defendants Sahota and Babbala for allegedly discontinuing plaintiff's epidural injections in violation of the Eighth Amendment right to adequate medical care; and 5) claim three against defendant Anderson for allegedly preparing documents containing false statements that led to the removal of plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care.  (ECF No. 27.)

### IV.  DISCUSSION

In the pending motion, plaintiff requests that the court make the following orders: 1) defendants be directed to schedule an appointment for plaintiff to have his routine epidural injections performed for pain management; 2) defendants be directed to leave in place plaintiff's DME chronos, housing restriction/accommodation chronos and DPP code[1], as currently listed; and 3) defendants be directed to ensure that plaintiff's transport teams shall not deprive plaintiff of his DMEs during transportation and that they use large cuffs and appropriate waist restraints designed to accommodate individuals with such DMEs.  (ECF No. 5.)

///

---

[1]  DPP appears to refer to the California Department of Corrections and Rehabilitation's ("CDCR") Disability Placement Program, which is designed to protect against discrimination towards disabled inmates and to ensure that participants are housed in facilities offering a range of programming equivalent to that available to non-disabled inmates.  See Williams v. CDCR, 2017 WL 6016946, at *1 (E.D. Cal. Dec. 5, 2017).

### A. Epidural Injections

In the pending motion, plaintiff claims that a nurse told plaintiff that plaintiff does not need to be seen by his primary care physician ("PCP") in an exam room in order to receive epidural injections. (Id. at 2.)  The nurse told plaintiff that his PCP just has to refer plaintiff for the epidural injections, which is the common practice. (Id.)  Plaintiff claims that "these individuals are refusing to refer me to the facility to have the procedure done, instead they are dictating to me to go into a exam room with the PCP." (Id.)  Plaintiff claims that if plaintiff goes back into the exam room with the PCP, the PCP will "fabricate/manufacture a false narrative in order to once again destroy every aspect of my treatment plan, DMEs and chronos." (Id.)  Plaintiff claims that the PCP's destruction of plaintiff's treatment plan, if plaintiff is forced to see the PCP for epidural injections, is "a self evident reasonable outcome to infer especially since they refuse to simply schedule the appointment to have my epidurals done…" (Id.)

In the pending motion, plaintiff seeks an order directing defendants to refer plaintiff to the "facility" for his epidural injections, as apparently was the previous practice, rather than having plaintiff's PCP provide the epidural injections.  The grounds of this request are that plaintiff's PCP will destroy plaintiff's treatment plan if plaintiff sees his PCP.  For the following reasons, plaintiff's request for an order directing defendants to refer plaintiff to the "facility" for epidural injections should be denied.  First, this Court observes that plaintiff does not claim that he is being denied epidural injections.  Instead, plaintiff objects to his PCP providing the epidural injections.  Second, plaintiff provides no specific facts supporting his claim that his PCP will destroy plaintiff's treatment plan if plaintiff sees the PCP for epidural injections.  Plaintiff's speculation that his PCP will destroy plaintiff's treatment plan if plaintiff sees his PCP for epidural injections does not demonstrate a likelihood of irreparable harm if the Court does not grant injunctive relief.  See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (The requirement of irreparable injury "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged ....");  Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").

3

Plaintiff also claims that correctional officers have stated that plaintiff cannot use his DMEs/walker to go out to the "procedure," i.e., the epidural injections, in order to prevent plaintiff from receiving the epidural injections.  (ECF No. 59 at 3.)  It is unclear if plaintiff is claiming that correctional officers are preventing plaintiff from using his DMEs/walker to receive epidural injections from plaintiff's PCP or to go to the "facility" to receive the injections.  Due to the vague nature of this claim, any request for injunctive relief related to plaintiff's use of his DMEs/walker to receive his epidural injections should be denied.  If plaintiff is claiming that he cannot obtain the epidural injections because correctional officers will not allow plaintiff to use his DMEs/walker to go to his PCP to receive his epidural injections, which appears to be the current practice for plaintiff to receive his epidural injections, plaintiff shall clarify this claim in a renewed motion for injunctive relief.

### B. DME Chronos, Housing Restriction/Accommodation Chronos and DPP Code

In the pending motion, plaintiff requests that the court order defendants to leave in place plaintiff's current housing restriction/accommodation chronos and DPP code.  As indicated above, this action proceeds on claims related to plaintiff's DME chronos and epidural injections.  This action does not proceed on claims related to plaintiff's housing restriction/accommodation chronos or DPP code.  For this reason, plaintiff's motion for injunctive relief regarding his housing restriction/accommodation chronos and DPP code should be denied  See Pac. Radiation Oncology, LLC v. Queen's Medical, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying compliant.").

In the pending motion, plaintiff requests that the court order defendants to maintain plaintiff's current DME chronos.  On July 21, 2025, plaintiff filed a motion for a preliminary injunction in which he also sought an order directing defendants to maintain plaintiff's current DME chronos.  (ECF No. 42.)  In the August 21, 2025 findings and recommendations recommending that plaintiff's July 21, 2025 motion for injunctive relief be denied, this Court cited a form listing plaintiff's DME chronos as of August 29, 2024 to include permanent chronos for walkers, knee braces and wrist support braces.  (ECF No. 46 at 2-3.)  This Court also cited a

4

form listing plaintiff's DME chronos as of September 26, 2024.  (Id. at 3.)  This form did not list chronos for walkers, knee braces or wrist support braces.  (Id.)  This Court also cited a form listing plaintiff's DME chronos as of June 4, 2025 to include permanent chronos for walkers, knee braces and wrist support braces.  (Id.)  This Court also observed that records submitted by defendants showed that as of August 18, 2025, plaintiff had permanent chronos for walkers, knee braces and wrist support braces.  (Id. at 3-4.)  Because plaintiff's DME chronos were in place, this Court recommended that plaintiff's motion for a preliminary injunction filed July 21, 2025 be denied because plaintiff failed to demonstrate a likelihood of irreparable harm in the absence of injunctive relief.  (Id. at 4.)  On December 30, 2025, Chief Judge Nunley adopted these findings and recommendations.  (ECF No. 56.)  Attached to the pending motion for injunctive relief is a form listing plaintiff's DME chronos as of December 8, 2025.  (ECF No. 59 at 6-7.)  This form states that plaintiff has permanent chronos for walkers, knee braces and wrist support braces.  (Id. at 6.)

In the pending request for an order requiring that defendants maintain plaintiff's DME chronos, plaintiff presents no evidence that defendants have recently removed any of his DME chronos or intend to remove any of his DME chronos.  It appears that the pending request is based on the apparent removal of these DME chronos in September 2024.  Thus, the pending request appears based on past events and what plaintiff believes may happen in the future.  Any belief on plaintiff's part that his DME chronos will again be removed, as they apparently were in September 2024, is speculative and does not constitute irreparable harm warranting a preliminary injunction.  See Lyons, 461 U.S. at 111; Goldie's Bookstore, Inc. 739 F.2d  at 472; Witkin v. Snelling, 2022 WL 602657, at *2 (E.D. Cal. Mar. 1, 2022), findings and recommendations adopted, 2022 WL 956997 (E.D. Cal. Mar. 30, 2022) ("The motion is based entirely on Plaintiff's assertions regarding past events and what he believes may happen in the future. ... Any belief on Plaintiff's part that Defendants or high-level offender inmates will physically harm him, or that particular Defendants will continue to retaliate against him for filing grievances, is purely speculative and thus does not constitute irreparable harm warranting a preliminary injunction").

///

**C. Conditions of Transport**

In the pending motion, plaintiff seeks an order directing that defendants and plaintiff's transport teams shall not deprive plaintiff of his DMEs during transportation and that they use large cuffs and appropriate waist restraints designed to accommodate individuals with such DMEs.  In support of this request, plaintiff claims that he filed a grievance "on this, the excuse used was inmates slipping cuffs off and escaping,"  (ECF No. 49 at 4.)  Plaintiff claims that "this argument" does not justify discriminating against plaintiff because of his disabilities and depriving plaintiff of his DMEs.  (Id.)  Plaintiff claims that inmates are placed in leg restraints so they do not run away.  (Id.)  Plaintiff appears to claim that he cannot run away because he cannot use his feet.  (Id.)  Plaintiff also claims that the escaping inmates were given handcuff keys.  (Id.)  Plaintiff argues that CDCR transport guards have waist restraints and large cuffs designed to accommodate disabled inmates.  (Id.)

Plaintiff's claims challenging the restraints he wears during transport and requesting that he be permitted to wear waist restraints and large cuffs designed to accommodate disabled inmates during transport are not related to the claims on which this action proceeds against defendants regarding plaintiff's DME chronos and epidural injections.  Accordingly, plaintiff's request for an order that he be permitted to wear waist restraints and large cuffs designed to accommodate disabled inmates during transport should be denied.  See Queen's Medical, 810 F.3d at 636.

In his claim regarding conditions of transport, plaintiff claims that he is "deprived" of his DMEs during transport.  The Court does not understand this claim.  It is unclear if plaintiff is claiming that his DMEs are removed during transport and returned after transport.  It is also not clear why plaintiff requires all of his DMEs during actual transport, i.e., when he is in a transport vehicle, such as his walker.  Because the grounds of plaintiff's claim regarding the alleged denial of DMEs during transport are unclear, plaintiff's motion for a preliminary injunction regarding access to his DMEs during transport should be denied.

**D. Waiver of Law Library Fees**

At the conclusion of his motion, plaintiff states that he is requesting waiver of fees for

legal copies in the law library.  (ECF No. 59 at 5.)  Plaintiff's motion does not address the grounds of this request including why he seeks a waiver of copy fees and for what documents he seeks the waiver.  Accordingly, plaintiff's request for a waiver of law library copying fees should be denied because it is not well supported.

## V.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 59) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 15, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.pi/2

7