UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, | No. 2:24-cv-2776 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's request to file an addendum. (ECF No. 58.) For the following reasons, plaintiff's request to file an addendum is denied.

On April 8, 2025, this Court issued findings and recommendations screening plaintiff's amended complaint. (ECF No. 26.) In relevant part, this Court found that claim three stated potentially colorable Eighth Amendment claims against "doe" defendants and defendant Anderson based on the false reports they allegedly prepared that led to the removal of plaintiff's Durable Medical Equipment ("DME") chronos. (Id. at 8.) This Court advised plaintiff that "doe" defendants could not be served until plaintiff identified them as actual defendants and amended his complaint to substitute names for the "doe" defendants. (Id.) This Court advised plaintiff to promptly file an amended complaint following the discovery of the identities of the "doe" defendants. (Id.) On April 8, 2025, this Court ordered service of five claims raised in the

1

amended complaint, including defendant Anderson as to claim three.  (EF No. 27.)

In the pending request, plaintiff states that he seeks to identify "doe" defendants and add claims against defendant Anderson.  (ECF No. 58 at 1.)  Plaintiff claims that defendant Anderson denied plaintiff access to the court by denying plaintiff access to plaintiff's legal paperwork.  (Id.)  Plaintiff claims that based on defendant Anderson's misconduct, a court dismissed one of plaintiff's cases.  (Id.)  Plaintiff appears to argue that this new claim against defendant Anderson, for allegedly violating plaintiff's right to access the courts is related to the Eighth Amendment claim on which this action currently proceeds against defendant Anderson.  (Id. at 1-2.)

As this Court previously advised plaintiff (see ECF No. 50 at 2), an amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citation omitted).  If plaintiff seeks to add new claims against defendant Anderson, plaintiff must file a motion to amend and a proposed second amended complaint containing the new claims against defendant Anderson and the claims on which this action currently proceeds.  In other words, piecemeal amendment of complaints is not permitted.  Plaintiff's pending request to file an addendum, which seeks to add a new claim against defendant Anderson, is denied because the addendum contains only plaintiff's new claim against defendant Anderson.

This Court also observes that plaintiff's request to file an addendum does not identify any "doe" defendants.  For this reason, this Court will not address the matter of "doe" defendants any further in this order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to file an addendum (ECF No. 58) is denied.

Dated:  January 16, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.ord(5)/2

2