UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ROBERT GALLEGOS,

Plaintiff,

v.

SAHOTA, et al.,

Defendants.

No.  2:24-cv-2776 TLN CSK

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion to compel.  (ECF No. 57.) Plaintiff moves to compel further responses to request for production of documents nos. 1-10. (Id.)  Defendants filed an opposition to plaintiff's motion to compel.  (ECF No. 64.)  Plaintiff filed a reply to defendants' opposition.  (ECF No. 67.)  For the following reasons, plaintiff's motion to compel is denied but for plaintiff's request for the "dossier" made in request no. 4.

I.      PLAINTIFF'S CLAIMS

On April 8, 2025, this Court ordered service of the following claims raised in plaintiff's amended complaint: 1) claim one against defendants Chief Physician Sahota and Head Nurse Babbala for allegedly removing plaintiff's Durable Medical Equipment ("DME") chronos for a walker, knee brace, back brace and wrist brace in violation of the Eighth Amendment right to adequate medical care; 2) claim two against defendant Hlaing for allegedly removing plaintiff's

1

DME chronos in violation of the Eighth Amendment right to adequate medical care; 3) claim two against defendants Brown and Leahy for allegedly failing to treat plaintiff's grievance regarding the removal of the DME chronos as an emergency grievance and/or staff complaint in violation of the Eighth Amendment right to adequate medical care; 4) claim three against defendants Sahota and Babbala for allegedly discontinuing plaintiff's epidural injections in violation of the Eighth Amendment right to adequate medical care; and 5) claim three against defendant Anderson for allegedly preparing documents containing false statements that led to the removal of plaintiff's DME chronos in violation of the Eighth Amendment right to adequate medical care.  (ECF No. 27.)

## II.    LEGAL STANDARDS FOR MOTION TO COMPEL

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action.  See Coleman v. CDCR, 2016 WL 6038193, at *1 (E.D. Cal. Oct. 13, 2016) (citing McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.")).  The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property."  Clark v. Vega Wholesale Inc.,

2

181 F.R.D. 470, 471 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

III.    **DISCUSSION**

A.    **Timeliness of Plaintiff's Motion to Compel**

Pursuant to the Discovery and Scheduling Order filed August 22, 2026, the deadline to file motions to compel was December 19, 2025.  (ECF No. 47 at 6.)  Defendants argue that plaintiff's motion to compel, filed December 29, 2025, is untimely.  (ECF No. 64 at 2.) Plaintiff's motion to compel is court stamped as filed on December 29, 2025.  (ECF No. 57 at 1.) However, pursuant to the mailbox rule, plaintiff filed his motion to compel on December 9, 2025. (Id. at 21.)  For this reason, plaintiff's motion to compel is timely and defendants' request to deny the motion to compel as untimely is denied.

B.    **Procedural Deficiencies of Motion to Compel**

Defendants argue that plaintiff's motion to compel should be denied as procedurally

3

deficient because plaintiff did not attach any of his discovery requests, defendants' responses or a proof of service to the motion to compel.  (ECF No. 64 at 3.)  Defendants are correct that plaintiff failed to attach any of his discovery requests, defendants' responses or proofs of service related to his discovery requests to the motion to compel.  (See ECF No. 57.)  Plaintiff's motion to compel also does not describe his discovery requests or defendants' responses.  (See id.)  The motion to compel contains arguments addressing defendants' responses to request for production of documents nos. 1-10.  (See id.)  By failing to provide the request for production of documents and defendants' responses, plaintiff's motion to compel is procedurally deficient.  However, defendants attach to their opposition a copy of their responses to plaintiff's request for production of documents, which includes plaintiff's requests.  (ECF No. 64-1 at 4-15.)  Because the record contains plaintiff's requests and defendants' responses, this Court may address the merits of plaintiff's motion to compel.  Accordingly, defendants' request to deny plaintiff's motion as procedurally deficient is denied.

### C.  Meet and Confer

Defendants argue that plaintiff's motion to compel should be denied because plaintiff failed to meet and confer with defense counsel prior to filing the motion to compel, as required by Federal Rule of Civil Procedure 37(a)(1).  (ECF No. 64 at 3.)  Local Rule 251 also contains a requirement for meeting and conferring prior to filing a motion to compel.  Local Rule 251(b).  The Discovery and Scheduling Order for this case states that Local Rule 251 does not apply.  (ECF No. 47 at 5.)  Though the Court recognizes that Federal Rule of Civil Procedure 37(a)(1) includes a requirement that the motion to compel include a certification as to the movant's good faith to confer or attempt to confer requirement, because the Discovery and Scheduling Order exempts plaintiff from the Local Rule 251 meet and confer requirement, the Court excuses the requirement plaintiff was not required to meet and confer prior to filing the pending motion to compel.  Accordingly, defendants' request to deny plaintiff's motion for plaintiff's failure to meet and confer is denied.

///

///

4

**D.      Request for Production of Documents**

1.  Request No. 1

Request No. 1 asked,

> 8/30/2024 Stg. Scott 115 (Gassing), Incident Report's, Body Worn Camera (BWC's) audio/Video along with B section mounted Camera Recordings of said Incident.  Emails, Notes, Documentation of interactions (Communications) of Sgt. Scott with Lt.'s, Captains, Other Stg.'s and Fellow staff surrounding, Influencing, orchestrating, Evidence collecting, investigating said event.  Sgt. Singh's BWC audio/Video footage from said 8/30/2024 gassing of Sgt. Scott (at cell side in B section).  Apply the same request of Discovery/Disclosure as stated above Sgt. Singh, Emails, Notes, Documentation of Interactions (Communications) phone records involving all surrounding staff whom influenced, orchestrated, dictated, oversight of said event/Stg.'s involved. (This is to include who ordered Sgt. Singh to NOT pull me out for my cups and containers immediately after said Gassing).  The Audio/Video of Sgt. Singh telling me cell side that I do Not have to come out for said purpose and that all is settled on the matter (By said inaction).

(ECF No. 64-1 at 5.)

Without waiving any objection, defendants responded to request no. 1 as follows: "This request for production is unintelligible, overbroad and unduly burdensome as drafted" (Id. at 5-6.)  "Absent clarification and a more specific request, defendants are unable to respond to this request." (Id.)

In the motion to compel, plaintiff attempts to clarify request no. 1.  (ECF No. 57 at 1-2.) Plaintiff appears to describe the documents he seeks in request no. 1 as follows:

> I am only interested (specifically) the oversight/incident commanders that were involved in responding/addressing said "Gassing" Incident.  The Paperwork/Legal documents shall establish that I offered to come out in order for staff to come into my cell and remove all cups and containers…

(Id. at 2.)  Plaintiff also states that, "The Incident Reports and 115 of said event shall provide exact time, therefore establish and narrow the time frame down in acquiring said Disclosure/Discovery Request.  By I providing these details, I was relieving any extra burdens in retrieving/fulfilling my request.  The Records/My C-file and all documentation/Evidence is attached to said Felony Allegations." (Id. at 1-2.)

In the opposition, defendants argue that they appropriately objected to request no. 1 and

that plaintiff's motion to compel fails to articulate what documents/information he actually seeks and why defendants' objections were improper. (ECF No. 64 at 4.) Defendants state that they cannot respond to request no. 1 because it is difficult, if not impossible, to tell what plaintiff is requesting from defendants. (Id.) Defendants state that even where plaintiff requests notes, emails or other items, he does not make clear the subject matter of the notes, emails and other items he is requesting. (Id.) Defendants refer to the declaration of California State Prison-Sacramento ("CSP-Sac") Litigation Coordinator Chastain filed in support of the opposition. (Id.) In his declaration, Litigation Coordinator Chastain states that because plaintiff's requests are generally unclear and overbroad, administrative staff are unable to conduct an accurate search for documents and information without further clarification or more narrow and individualized requests. (ECF No. 64-2 at 2.) Defendants also argue that plaintiff's discussion of a "gassing" incident a day prior to the alleged use of force incident on August 31, 2024 is not relevant to the claims raised in this lawsuit. (Id. at 5.)

In the reply to defendants' opposition, plaintiff re-states the arguments regarding claim 1 made in the motion to compel. (ECF No. 67 at 1-3.)

In request no. 1, plaintiff appears to seek documents related to an August 30, 2024 gassing incident. However, plaintiff does not clearly identify the documents and/or information he seeks. For this reason, defendants' objection to this request on the grounds that defendants cannot determine what documents plaintiff seeks is sustained. Accordingly, plaintiff's motion to compel a further response to request no. 1 is denied.[1]

2. Request No. 2

Request No. 2 asked,

> 8/31/2024 Initial Contact made by Lt. Anderson (also Sgt. Corter) that early A.M. Their BWC's, B Section, Mounted Video recordings, Emails, Notes Documentation of interactions (Communications) phone records (To include if involved in 8/30/24 manipulations after gassing of Sgt. Scott), involving all staff interacting, ordering dictating oversight of the unlawful seizure of my legal work/property without proper due process/in violation of

---

[1] Because request no. 1 does not clearly identify the documents and/or information sought, this Court need not address defendants' argument that the documents sought are not relevant.

6

policy in order to violate said rights. This policy violation (which deprived me of access to the court, KNOWING that I had a court deadline—resulting in said case against Lt. Anderson's fellow CDCR staff to be corruptly dismissed since I was unable/prevented from responding/opposing motion to dismiss). This lawful act by Lt. Anderson (Depriving me of all property/legal work) was the causation of the sequence of events that lead to a "Use of Force" on 8/31/24, Lt. Anderson violated policy (Manufactured a false/fabricated narrative) in order to intentionally take my legal work from me. (Staff use cell phones to communicate, those too are records that need to be provided). (Incident Commander).

(ECF No. 64-1 at 6.)

Without waiving any objection, defendants responded to request no. 2 as follows: "This request for production is unintelligible, overbroad and unduly burdensome as drafted." (Id. at 7.) "Absent clarification and a more specific request, defendants are unable to respond to this request." (Id.)

In an amended response to request no. 2, defendants responded that they would arrange for a time for plaintiff to view responsive video footage from August 31, 2024. (ECF No. 64 at 6.) Otherwise, defendants were unable to respond to request no. 2 because it is unintelligible, overbroad and unduly burdensome as drafted. (Id.) The amended response to request no. 2 is referred to by defendants in the opposition, but defendants did not provide a copy of the amended response to request no. 2 served on plaintiff.

In the motion to compel, plaintiff attempts to clarify request no. 2. Plaintiff states, "On 8/31/24 initial contact by Lt. Anderson was made at my cell side around 8:00 to 9:30 am." (ECF No. 57 at 3.) Plaintiff appears to request, "The Notes, Emails, Legal Documentation that explains how [defendant Anderson] came to be at my cell side, dictating that I was to come out for my Cups and Containers to be removed from my cell." (Id.) Plaintiff also states, "BWC footage by CO's present, it will prove Lt. Anderson's deliberate disregard for my rights, policy and the immediate combative, mocking, ridicule behavior that was presented when targeting me." (Id. at 3-4.) Plaintiff also seeks "all legal documentation, his notes" in order to "reveal if his acts that morning were done without lawful orders." (Id. at 4.) Plaintiff also states that video from the mounted cameras will provide footage of defendant Anderson being at plaintiff's cell door and "will depict his misconducts." (Id. at 4.)

7

In the opposition, defendants state that defendants arranged for a time for plaintiff to view the video footage responsive to this request because plaintiff is unable to remain in possession of this footage. (ECF No. 64 at 6). In his declaration, CSP-Sac Litigation Coordinator Chastain states that incarcerated individuals are generally not permitted to obtain and keep video footage on their person. (ECF No. 64-2 at 2-3.) Defendants state that with regard to the remaining requests made in request no. 2, it is not clear what plaintiff is requesting. (ECF No. 64 at 6.) Defendants also argue that to the extent the request seeks documents related to any incidents involving the seizure of paperwork which allegedly hindered court deadlines in other cases, such documents are not relevant to the claims asserted in this lawsuit and plaintiff fails to explain how they could possibly be relevant. (Id.)

In the reply to defendants' opposition, plaintiff re-states the arguments regarding claim 2 made in the motion to compel. (ECF No. 67 at 3-5.)

This Court finds that because plaintiff is not permitted to obtain and keep video footage, defendants adequately responded to plaintiff's request for access to video footage from the August 31, 2004 incident by arranging for plaintiff to view it. This Court finds that plaintiff's amended complaint raises no claims regarding seizure of paperwork which allegedly hindered plaintiff's court deadlines in other cases. Accordingly, defendants' objection on relevance grounds to plaintiff's request for documents regarding seizure of paperwork which allegedly hindered court deadlines in other cases is sustained. This Court also finds that the additional requests made in request no. 2 do not clearly identify the documents and/or information sought. For this reason, defendants' objection to these additional requests on these grounds is sustained. Accordingly, plaintiff's motion to compel a further response to request no. 2 is denied.

### 3. Request No. 3

Request no. 3 asked,

> 8/31/2024 Sgt. M. Hollenback, Co. C. Campuzano, CO M. Jauregui, CO H. Deocero, CO P. Archie, CO Barragan, CO Barrios, Sgt. Bonell, CO Llamas, CO C. Pena, CO C. Riedman, CO R. Gallardo, CO J. Barrigan, Capt. "John Doe" Incident Commander[,] Lt. Anderson (Lt. Albarca Possibly) Mounted Video recording of Cameras in B section, Dining/Committee Area, A1 Rotunda from

initial interaction of early am contact made by Lt. Anderson at 119 cell side[.] Through all events of I being escorted to Dining area, the removal of all of my property unlawfully while I was in dining area with Sgt. Bonell and Sgt. Hollenback, then The Rotunda area as I am being escorted back where I witness that all of my property was being unlawfully seized, The entire Use of Force Incident from dining area discovering my property through to the point of I being returned to my cell, Yard cameras on the buildings depicting Officer's on the yard after use of force. Emails, Notes, Documentation of Interactions, (Communications) Declarations of any and all staff involved whom investigated, influenced, orchestrated, dictated unlawful order's and all communications that assume lawful directives (Especially the dictates of taking all of my legal work, who gave the unlawful order). The names of each individual involved in the manufactured, fabricated Dossier (that was exaggerated and full of omissions) containing photographs and false narratives that was supplied to Dr. Hling (My PCP) in order for CDCR/Sahota, Bobbala to dictate the removal of my DME's and Chronos (Knowing that said document/dossier was fabricated for a targeted purpose of cruelty "depriving me of adequate Medical" in the removal of m DME's and Chronos. The individual who ordered that Dossier be Manufactured, The names of all involved with its construction (Narrative and photos) The Individuals involved in the emails amongst all defendants., the Individuals communications/Emails between PCP Hling with those sending said dossier to PCP Hling. The emails by said defendants dictating to PCP Hlaing the removal of all of my medical. These communications are between 8/31/24 to 9/5/24. This is to include the Emails to and from PCP Hlaing using Microsoft Outlook software. Emails between all defendant's, especially those named in the appeal process, Brown, Leahy, Sahota, Bobbala and does in Corrections.

(ECF No. 64-1 at 7-8.)

Without waiving any objection, defendants responded to request no. 3 as follows: "Defendants will arrange for a time for Plaintiff to view responsive video footage from August 31, 2024." (Id. at 8.) "Otherwise, defendants are unable to respond to this request for production because it is unintelligible, overbroad and unduly burdensome as drafted." (Id.)

In the motion to compel, plaintiff attempts to clarify request no. 3. Plaintiff appears to state that he seeks video footage from the August 31, 2004 incident. (ECF No. 57 at 5-6.) Plaintiff also states that defendants are objecting to providing plaintiff with physical evidence of "dossiers and photos" fabricated and manufactured by defendants to deprive plaintiff of his medical DMEs. (Id. at 6-7.) Plaintiff appears to claim that the dossier contained the photos to which he refers. (ECF No. 64-1 at 7-8; ECF No. 57 at 7.)

9

In opposition, defendants state that to the extent defendants understood request no. 3, defendants arranged for plaintiff to view video footage responsive to the request. (ECF No. 64 at 8.) Otherwise, defendants state, plaintiff's request for all documents, videos and communications regarding his claim is overbroad, unduly burdensome, vague, harassing and an abuse of the discovery process. (Id.) Defendants state that this is particularly true because it is unclear the subject matter of the documents, notes and other documents plaintiff is requesting. (Id.)

In the reply to defendants' opposition, plaintiff re-states the arguments regarding request no. 3 made in the motion to compel. (ECF No. 67 at 6-8.)

Because defendants state that they will arrange for plaintiff to view responsive video footage from August 31, 2024, plaintiff's request to view this video footage made in request no. 3 is deemed resolved. In the motion to compel, plaintiff appears to clarify that he is seeking a document he refers to as a "dossier" that was prepared on August 31, 2024 and sent to defendant Hlaing. As discussed below, in request no. 4, plaintiff also requests the "dossier." Defendants address plaintiff's request for the "dossier" in their response to request no. 4. Accordingly, the Court addresses plaintiff's request for the "dossier" in the discussion of request no. 4. To the extent plaintiff maintains his request for the other documents and emails identified in request no. 4, defendants' objection that plaintiff did not adequately describe the documents and emails sought in this request is sustained. For these reasons, plaintiff's motion to compel a further response to request no. 3 is denied.

### 4. Request No. 4

Request No. 4 asked,

> 8/31/24-9/5/24 PCP Dr. Hling Emails, Notes, Documentation of Interactions (Complete Communications) phone records, Interview of I, Photo's/Dossier provided to him (In his full disclosure of those dictating removal of adequate health care/treatment plan/continuity of care (DME's & Chrono's on 9/5/24). This request is to include throughout grievance 602 process, up to current date (Of any interactions/Influences/Unlawful order's communicated including Mental Health, Defendants, Ombudsman Group conference on this matter).

(ECF No. 64-1 at 8.)

Defendants objected to request no. 4 as vague and ambiguous, unintelligible and not clear

10

as to what was requested, compound and argumentative. (Id. at 9.) Regarding the "dossier," defendants objected that this request assumed facts not in evidence, i.e., that such a dossier was created or used to remove medical equipment. (Id.) Without waiving any objections, defendants responded to request no. 4 as follows: "Defendants will produce all responsive documents in their possession, including medical records regarding Plaintiff's DME and Dr. Hlaing's correspondence and treatment of plaintiff from August 31, 2024 through September 5, 2025 (See AGO PROD 00001-00037)." (Id.)

Defendants provided an amended response to request no. 4 raising new objections. (ECF No. 64 at 9.) Defendants object to the information sought in request no. 4 in that it may contain information protected by the attorney-client privilege or attorney work-product doctrines. (Id.) Defendants also object that request no. 4 may seek confidential information pertaining to third parties and protected by the doctor-patient confidentiality doctrine. (Id.) The amended response to request no. 4 is referred to by defendants in the opposition, but defendants did not provide a copy of the amended response to request no. 4 served on plaintiff.

In the motion to compel, plaintiff objects to the "cherry picked records" provided by defendants in response to request no. 4. (ECF No. 57 at 9.) However, plaintiff does not identify the specific documents he seeks that were missing from the documents provided by defendants. (Id. at 8-11.) In the opposition, defendants state that they appropriately objected and responded to request no. 4. (ECF No. 64 at 9.) Defendants state that plaintiff's requests for "complete communications" and "phone records" are overbroad and unduly burdensome. (Id.) Defendants state that plaintiff's motion fails to narrow the scope of his request or explain why defendants' objections are improper. (Id.) Defendants also state that they are unaware of any phone records or phone recordings kept of interactions between plaintiff and defendant Hlaing and have produced the relevant communications related to plaintiff's health records. (Id.) In the reply to defendants' opposition, plaintiff re-states the arguments regarding request no. 4 made in the motion to compel. (ECF No. 67 at 8-11.)

To the extent request no. 4 seeks phone records or phone recordings of interactions between plaintiff and Dr. Hlaing, defendants represent that they are unaware of these phone

11

records or recordings.  Regarding plaintiff's request for the "dossier," in the discussion of request no. 3 in the motion to compel, plaintiff describes the "dossier" as having been manufactured by defendants on August 31, 2004 and emailed to defendant Hlaing.  (ECF No. 57 at 7.)  Plaintiff claims that defendant Hlaing had the "dossier" on his computer on September 5, 2024.  (Id.)  Plaintiff appears to claim that during an Olsen review[2], plaintiff requested the "dossier" but was told that "they did not have access to it."  (Id.)  Plaintiff appears to claim that defendant Hlaing told plaintiff that in the dossier, defendant Hlaing's bosses, the defendants, advised that plaintiff's DMEs should be removed.  (Id.)  Plaintiff also appears to claim that defendant Hlaing showed plaintiff the dossier on defendant Hlaing's computer.  (Id.)  Based on plaintiff's description of the "dossier," defendants may be able to identify this document.  Accordingly, defendants are ordered to provide plaintiff with a further response to request no. 4 regarding plaintiff's request for the "dossier" within twenty-one days of the date of this order.  If defendants invoke a privilege as to the "dossier," defendants shall serve privilege log.  See Fed. R. Civ. P. 26(b)(5)(A).  Defendants' objection that plaintiff's request for the "dossier" assumes facts not in evidence is overruled.

Regarding the remaining requests made in request no. 4, this Court sustains defendants' objection that the request is compound in that it seeks multiple documents in a single request without describing with "reasonable particularity each item or category of item" to be produced. Fed. R. Civ. P. 34(b)(1).  This Court also sustains defendants' objection that the other documents sought by plaintiff in request no. 4 are not clear.  Defendants otherwise adequately responded to request no. 4 by providing plaintiff with the medical records identified in their response. Accordingly, plaintiff's motion to compel a further response to request no. 4 is denied but for plaintiff's request for the "dossier."

5. Request No. 5

Request No. 5 asked,

> 9/5/24 CO Mcleod and CO Johnson Body worn Cameras
> Video/Audio recordings of escort of I to be interviewed by PCP

---

[2] An Olsen review is an administrative process that provides prisoners with access to nonconfidential information in their central files and medical records.  See Gray v. Virga, 2015 WL 1509082, at *3 (E.D. Cal. Apr. 1, 2015).

12

Hlaing, as well as in the room before interview took place and escort back after said interview had taken place.  The Officer's were in the room for the interview, they are witnesses, to said interaction (specifically Hlaing admitting that defendants were dictating to him to remove all of my medical based on manufactured dossier).  There was no private medical information discussed these critical witnesses are ask to provide Emails, notes, documentation of interactions of any unlawful influences to manipulate/fabricate/construct a false narrative in order to attempt to cover for the wrongs committed by said defendants (Complete communications), that is to include exonerating interactions that benefits I (On all of these requested discovery's/disclosure's).  There is no privacy/hippa violations, this is my medical interview and I waive privacy Rights on every request of Discovery/Disclosure's in This formal request.

(ECF No. 64-1 at 9.)

Without waiving any objection, defendants responded to request no. 5 as follows:  "After a reasonable search, defendant have been unable to locate any BWC footage that is responsive to this request."  (Id. at 10.)

In the motion to compel, plaintiff appears to claim that BWC footage from Correctional Officers Johnson and McLeod, who escorted plaintiff to see defendant Hlaing on September 5, 2024, exists.  (ECF No. 57 at 11-12.)

In the opposition, defendants argue that they appropriately objected and responded to this request.  (ECF No. 64 at 10.)   In his declaration submitted in support of the opposition, defense counsel states that in November 2024[3], he instructed his paralegal to request body worn camera footage from September 5, 2024 of the two listed officers in plaintiff's request for production number 5 from California State Prison-Sacramento.  (ECF No. 64-1 at 2.)  Defense counsel was informed that after a thorough search no body worn camera footage responsive to this request exists.  (Id.)

In the reply to defendants' opposition, plaintiff re-states the arguments regarding request no. 5 made in the motion to compel.  (ECF No. 67 at 11-12.)

Defendants represent that the body worn camera footage sought by plaintiff does not exist. Signed discovery responses are certifications to the best of the person's knowledge, information,

---

[3]  Defense counsel likely made the request to the paralegal in November 2025 rather than November 2024, as stated in his declaration.

and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B), as are other signed filings presented to the Court. Fed. R. Civ. P. 11(b). The Court cannot order defendants to produce evidence that does not exist. For this reason, plaintiff's motion to compel a further response to request no. 5 is denied.

6. Request No. 6

Request No. 6 asked,

> Complete request of olson review by I to Healthcare CDCR Records Division, this it to include all response from said records (also to include resp detailing hippa violations when telling me that they could NOT provide me said defendants emails/interactions because they used "Microsoft Outlook Software" to dictate/collude to remove my medical and Records Division Health Care CDCR does not have access, control or oversight over said unlawful software/platform.

(ECF No. 64-1 at 10.)

Without waiving any objection, defendants responded to request no. 6 as follows: "This request is overbroad and unduly burdensome." (Id. at 11.) "Absent clarification and a more specific request, defendants are unable to respond to this request." (Id.)

Regarding request no. 6, in the motion to compel plaintiff argues that the "discovery/disclosure of my records, Emails of defendants, records, treatment plans, Medical History and interactions between defendants, Doctors Notes, is relevant in discerning degree of liability." (ECF No. 57 at 13.) Plaintiff may also be claiming that he was not given access to emails between defendants because defendants unlawfully used Microsoft Outlook Software for emails, to which the person who responded to plaintiff's request for an Olsen review did not have access. (Id. at 13-15.) Plaintiff may also be claiming that he was unable to obtain records from his medical file during the Olsen review. (Id. at 14.)

In the opposition, defendants argue that request no. 6 seeks information not relevant to the claims asserted in this lawsuit. (ECF No. 64 at 11.) Defendants argue that request no. 6 is overbroad and, even if relevant, not proportional to the needs of the case. (Id.) Defendants argue that plaintiff's medical records are equally accessible to plaintiff through an Olsen review. (Id.)

In the reply to defendants' opposition, plaintiff re-states the arguments regarding request no. 6 made in the motion to compel. (ECF No. 67 at 12-15.)

14

This Court finds that to the extent plaintiff seeks emails between defendants regarding their treatment of plaintiff, defendants' objection that the request is overbroad is sustained. To the extent plaintiff requests all of his medical records, including records not provided to plaintiff at an Olsen review, defendants' objection that this request is overbroad is sustained. Defendants' objection that plaintiff does not clearly identify the medical records he seeks is also sustained. For these reasons, plaintiff's motion to compel a further response as to request no. 6 is denied.

7. Request No. 7

Request No. 7 asked,

> Clinical Turner's Notes, Emails, Documentation's of interactions (Complete Communications). This is to include The defendants statements I the RAP committee, the enormeous [sic] Group phone conference between Mental Health, Medical (Defendants) Correctional Staff and Ombudsman, Clinical Turner. The list of all involved in the discussion of said defendants egregious cruel actions in depriving me of my DME's/Chrono's unlawfully. (All exonerating info).

(ECF No. 64-1 at 11.)

Without waiving any objection, defendants responded to request no. 7 as follows: "This request is unintelligible, overbroad and unduly burdensome." (Id. at 11-2.) "Absent clarification and a more specific request, Defendants are unable to respond to this request." (Id. at 12.)

In the motion to compel, plaintiff attempt to clarify the documents he seeks in request no. 7. Plaintiff states that his clinician Turner "documented the entire aftermath and had others involved including ombudsman, had direct conversations with those involved and these records shall establish the deliberate indifference shown by the defendants." (ECF No. 57 at 16.)

In the opposition, defendants state that they appropriately objected to request no. 7 as overbroad, unduly burdensome and generally unintelligible. (ECF No. 64 at 12.) Defendants state that request no. 7 is not narrowly tailored temporally, geographically or in its subject matter, and plaintiff's motion to compel fails to narrow the scope of the request. (Id. at 13.) Defendants state that it is not clear what plaintiff is actually requesting in request no. 7. (Id.)

In the reply to defendants' opposition, plaintiff re-states the arguments regarding request no. 7 made in the motion to compel. (ECF No. 67 at 15-16.)

This Court finds that the documents plaintiff seeks in request no. 7 are not clear.  In addition, as observed by defendants, request no. 7 is overbroad in that this request is not narrowly tailored temporally or in its subject matter.  For these reasons, defendants' objections on these grounds are sustained.  Accordingly, plaintiff's motion to compel a further response to request no. 7 is denied.

### 8. Request No. 8

Request No. 8 asked,

> Leahy, Brown, Sahota, Bobbala, Emails, Notes, Documented interactions (Complete communications) from all platforms, software, Microsoft outlook software, phone records (including PCP Hlaing) also interactions with Capt. Lt's, Sgt. (O's throughout the grievance 602 process including and manufacturing of fake Dossier).

(ECF No. 64-1 at 12.)

Without waiving any objection, defendants responded to request no 8. as follows: "Defendants are unable to respond to this request as drafted because it is overbroad and unduly burdensome and vague as to time." (Id.)

In the motion to compel, plaintiff states that defendants all have emails.  (ECF No. 57 at 16.)  Plaintiff does not otherwise clarify the scope of request no. 8.  (Id. at 16-17.)  In the opposition, defendants state that they appropriately objected to request no. 8 as overbroad, unduly burdensome and vague as to time and content.  (ECF No. 64 at 13.)  Defendants state that plaintiff's request is effectively a request for all documents, emails, recordings and notes produced at any time by any of the listed individuals.  (Id. at 14.)  In the reply to defendants' opposition, plaintiff re-states the arguments regarding request no. 8 made in the motion to compel.  (ECF No. 67 at 16-17.)

Defendants' objections to request no. 8 as overbroad, unduly burdensome and vague are sustained.  Accordingly, plaintiff's motion to compel a further response to request no. 8 is denied.

### 9. Request No. 9

Request No. 9 asked:

> 602 Grievance Appeals Log Number SAC-HC-24001068, SAC-HC-24001308, 650693, Findings/Recommendations of Appeals from interview dated November 7, 2024 at 08:55 am (The Older white

16

lady wearing military "Navy" hat clearly stated that the only way said defendants can remove my DME's is if I used them as a weapon (I know this and or if they are altered), provided along with said witness/investigator/interviewer name, the interview had taken place cell side. I request her Notes, emails, documentation of interactions (Completed communications) and handwritten notes taken during cell side interview of HC Grievance assigned to her specific to defendants). 629629 "N-AIU-SAC-8806-24" Internal Affairs Officer Alwanzi Interview Audio recording, DPP/DME Chrono Accommodation Communication forms' referenced and relied upon by said OAI investigator, Exonerating evidence (exculpatory) names of individuals interviewed, documentation of interactions, Emails, Notes, Statements (Complete communications) and phone records/recordings (Audio/Video) of Individuals Interviewed (This request applies to all sought after discovery/disclosure's in this request). SAC-HC-24001184, SAC-HC-25001125, SAC-HC-24001018, SAC-HC-2500214, #657934, The requested Discovery/Discovery is to include every Individual CDCR staff member involved with the adjudication process, the Names of each Medical (Health care) staff member assigned to the CENTRALIZED SCREENING TEAM of which was involved in processing listed 602 grievances In determining (in violation of policy hence resulting in violating my rights) that said 602's were "NOT Staff Misconduct" in order to prevent said appeals from being referred to outside agency/headquarter's exhaustion of remedies, sustaining the cruel and unusual punishment I was suffering. Emails, Notices, Documentation of interactions (Complete communication), responses, inquiries and phone records. (Especially records/communications from Sahota to said staff that are unlawful order's, undue corrupt influence to impede, frustrate and or cause a undue Burden in the 602's being properly processed, since she is the boss and certainly the head of the Centralized Screening Team!).

(ECF No. 64-1 at 12-13.)

Without waiving any objection, defendants responded to request no. 9 as follows: "This request is compound, unintelligible, overbroad, and unduly burdensome." (Id. at 14.) "Absent clarification and a more specific request, Defendants are unable to respond to this request." (Id.)

Defendants provided an amended response to request no. 9: "As a courtesy, defendants will send plaintiff copies of his grievances and relevant responses identified in his motion to compel including any notes attached thereto: SAC HC 240001068, SAC HC 24001308, and 650693. (ECF No. 64 at 16.) "Otherwise, this request is compound, unintelligible, overbroad, and unduly burdensome." (Id.) "Absent clarification and a more specific request, defendants are unable to respond to this request." (Id.) The amended response to request no. 9 is referred to by defendants in the opposition, but defendants did not provide a copy of the amended response to

17

request no. 9 served on plaintiff.

In the motion to compel, plaintiff attempts to clarify the documents sought in request no. 9. Plaintiff appears to state that he is requesting the notes taken by the RN/assigned investigator who interviewed plaintiff regarding his appeal. (ECF No. 57 at 17.) Plaintiff also states that he has "taken the diligent effort to literally name the divisions, log #s, etc. in order to alleviate any ambiguity…to help acquire my discovery/disclosure request…" (Id. at 18.) In the motion to compel, plaintiff identifies the three grievances sent to him by defendants in the amended response to request no. 9. (Id.)

In the opposition, defendants state that they appropriately objected and responded to request no. 9. (ECF No. 64 at 16.) Defendants state they will supplement their production with the grievances identified in the motion to compel. (Id.) Defendants argue that plaintiff seeks information regarding other inmates and such information jeopardizes the safety and security of other inmates and staff and is considered confidential. (Id.)

In the reply to defendants' opposition, plaintiff re-states the arguments regarding request no. 9 made in the motion to compel. (ECF No. 67 at 17-19.) Plaintiff also adds a new request for the memo dated September 16, 2024 from the Health Care Records Division. (Id. at 19.)

This Court finds that request no. 9 is compound in that it seeks multiple documents in a single request without describing with "reasonable particularity each item or category of item" to be produced. Fed. R. Civ. P. 26(b)(1)(A). In the motion to compel, plaintiff appears to clarify that he is seeking three grievances and the notes from the RN who interviewed plaintiff regarding one of these grievances. In the supplemental response, defendants provided plaintiff with these grievances including any attached notes. In his reply, plaintiff identifies a document he is requesting that was not identified in request no. 9 or the motion to compel. Plaintiff cannot amend his motion to compel in his reply to the opposition. Accordingly, plaintiff's motion to compel a further response to request no. 9 is denied.

          10. Request No. 10

Request No. 10 asked,

On 10/9/24 at 10:37 a.m. I was interviewed in regards to the Incident

18

on 8/31/24.  The Dispo. Lt. Carbello conducted the hearing.  I requested that CO Deocera and CO Davenport turn their Body Worn Cameras on in order to record the interview since the implications were directly relevant to this Lawsuit (Especially the evidence statements/witness accounts of said incident).  One of the key points Dr. Hlaing emphatically expressed (The undue influence/dictates by Sahota, Bobbala/CDCR Capt./Lts. was stating that I was seriously injured a Officer by grabbing him and throwing him to the ground dislocating his shoulder.  This shall have resulted in a 115 of Battery on an Officer causing serious bodily injury).  Lt. Carbello ordered that said CO's turn their BWC's on to audio/video record the hearing.  I clearly (on three separate moments 'at least' during the recorded interview/115 hearing) stated that said defendant's claimed that I seriously Injured a Officer (dislocated his shoulder) by throwing him to the ground (That said defendant's manufactured a dossier with said claims and gave it to the PCP Hlaing dictating him to remove all of my medical.  Lt. Carbello declared at least three different times, (Emphatically) that NO ONE was injured in regards to the 8/31/24 incident.  This fact made it clear that said defendant's clearly fabricated said dossier in order to retaliate against me, caused me harm, deprive me of adequate health care knowing that I shall suffer pain, aggravated factors and injury.  I request the Audio/Video recording of that interview (BWC's), Emails, Notes, Documentation of interactions, findings (This hearing was held in the committee room between A1-A2 blocks), (Completed communications) of Lt. and CO's involved in this hearing.

(ECF No. 64-1 at 14-15.)

Without waiving any objection, defendants responded to request no. 10 as follows: "Defendants will arrange for a time for Plaintiff to review the BWC footage of the use of force interview for this incident on August 31, 2025." (Id. at 15.)

In the motion to compel, plaintiff appears to request that he be allowed to possess the use of force video sought in request no. 10.  (ECF No. 57 at 19-20.)  As discussed above, plaintiff is not permitted to obtain and keep video footage on his person.  (ECF No. 64-2 at 2.)  Accordingly, request no. 10 is deemed resolved and plaintiff's motion to compel a further response to request no. 10 is denied.

11.  Request No. 11

Defendants' response to plaintiff's request for production of documents indicates that plaintiff served defendants with eleven requests for production of documents, although plaintiff's motion to compel addresses request for production of documents 1-10.  (ECF Nos. 57, ECF No. 64-1).  Defendants' opposition addresses request for production of documents nos. 1-10.  (ECF

19

No. 64.)  In plaintiff's reply to defendants' opposition, plaintiff addresses request no. 11.  (ECF No. 67 at 21.)  This Court will not address request no. 11 as plaintiff did not move to compel a further response to request no. 11.

**IV.    PLAINTIFF'S VIEWING OF VIDEOS**

On February 20, 2026, plaintiff filed a pleading with the court docketed as "Notice of Missed Meeting with Defense and Request to Reschedule Meeting."  (ECF No. 72.)  In this pleading, plaintiff states that he was scheduled to meet with defense counsel on February 13, 2026 to view the video evidence.  (Id. at 1.)  Plaintiff claims that this meeting did not occur because of "collusion by CDCR, Fellow Staff of Defendants to Hinder and Impede my Due Process Rights in a Corrupt Machination to Cover for the Defendants."  (Id. at 2.)  On March 19, 2026, defendants filed a response to plaintiff's February 20, 2026 pleading.  (ECF No. 76.)  Defendants state that defense counsel scheduled a videoconference call with plaintiff for February 13, 2026 to have plaintiff view videos responsive to his requests for documents and videos.  (Id. at 3.)  However, on the morning of the conference, plaintiff's institution (CSP-Sac) and defense counsel had technical difficulties and could not establish a connection to the videoconference.  (Id.)  Defense counsel worked alongside CSP-Sac litigation and correctional staff for over an hour trying to diagnose the problem and facilitate the call.  (Id.)  After an hour and a half, they decided to reschedule the call for March 6, 2026.  (Id.)  On March 6, 2026, defense counsel met with plaintiff for the rescheduled video conference.  (Id.)

Based on defendants' response to plaintiff's February 20, 2026 pleading, no further orders will issue in response to plaintiff's February 20 2026 pleading.

**V.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to compel (ECF No. 57) is denied but for plaintiff's request for the "dossier" made in request no. 4; within twenty-one days of the date of this order, defendants shall provide plaintiff with a further response to plaintiff's request for the "dossier" made in request no. 4, as discussed in this order.  If appropriate, defendants shall file a privilege log regarding the "dossier" within that time.

2. No further orders will issue in response to plaintiff's notice of missed meeting and request to reschedule meeting.  (ECF No. 72.)

Dated:  April 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.mtc/2

21