UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ROBERT GALLEGOS,

Plaintiff,

v.

SAHOTA, et al.,

Defendants.

No.  2:24-cv-2776 TLN CSK

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before this Court are plaintiff's motion to compel and request for issuance of subpoenas (ECF No. 66), plaintiff's request for taped depositions (ECF No. 70), and plaintiff's motion for extension of time (ECF No. 74).  For the reasons that follow, plaintiff's motions are denied.

I.    **MOTION TO COMPEL AND REQUEST FOR ISSUANCE OF SUBPOENAS**

The nature of relief plaintiff seeks in the motion to compel and request for issuance of subpoenas is not entirely clear.  Plaintiff appears to express concern that the court did not receive his previous motion to compel.  (ECF No. 66 at 2.)  Plaintiff appears to request that if the court did not receive his previous motion to compel, that the court issue subpoenas for the documents sought in the previous motion to compel.  (Id. at 2-3.)  Pursuant to the mailbox rule, plaintiff filed a motion to compel on December 9, 2025.  (ECF No. 57.)  On April 28, 2026, this Court issued

1

an order addressing plaintiff's motion to compel filed December 9, 2025.  (ECF No. 78.)  Because plaintiff's previous motion to compel was received and addressed by the Court, plaintiff's motion to compel and request for issuance of subpoenas (ECF No. 66) is denied.

In the motion to compel and request for issuance of subpoenas, plaintiff also requests that the court appoint counsel to represent plaintiff in this action. (ECF No. 66 at 4.)  However, in the motion for extension of time discussed below, plaintiff states that he did not request appointment of counsel in the motion to compel and request for issuance of subpoenas.  (ECF No. 74 at 2.)  Accordingly, this Court will disregard the request for appointment of counsel made in the pending motion.

## II.    REQUEST FOR TAPED DEPOSITIONS

Plaintiff appears to request that he be permitted to depose Correctional Officers Johnson and McLeod.  (ECF No. 70 at 1.)  The grounds of this request appear to be that defense counsel "just informed" plaintiff that the body worn camera footage from Correctional Officers Johnson and McLeod previously requested by plaintiff could not be located.  (Id. at 2.)  For the following reasons, this request is denied.

Plaintiff previously sought the body worn camera footage from Correctional Officers Johnson and McLeod in a request for production of documents, request no. 5.  (ECF No. 64-1 at 9.)  On November 26, 2025, defendants served plaintiff with a response to request for production of documents no. 5, informing plaintiff that defendants could not locate any body worn camera footage responsive to this request.  (Id. at 1, 10.)  On April 28, 2026, this Court denied plaintiff's motion to compel a further response to request no. 5 based on defendants' representation that the requested body worn camera footage could not be located.  (ECF No. 78 at 12-14.)

Pursuant to the Discovery and Scheduling Order filed August 22, 2025, discovery closed on December 19, 2025.  (ECF No. 47 at 6.)  On December 19, 2025, this Court extended the discovery deadline to February 17, 2026 for the sole purpose of defendants conducting plaintiff's deposition and for any motions to compel related to that deposition.  (ECF No. 55.)  Pursuant to the mailbox rule, plaintiff filed the pending request on February 12, 2026.  (ECF No. 70 at 4.)  Plaintiff fails to explain why he waited almost two months after defendants informed him that the

2

requested body worn camera footage could not be located to file the pending request to take the depositions of Correctional Officers Johnson and McLeod.  Plaintiff's claim that defendants "just informed" plaintiff that the requested body worn camera footage could not be located is not accurate.  Plaintiff's request to depose Correctional Officers Johnson and McLeod is denied as untimely.

**III.    MOTION FOR EXTENSION OF TIME**

In this motion, plaintiff appears to request that discovery be reopened so that he may serve subpoenas.  (ECF No. 74 at 1, 3-4.)  In support of this request, plaintiff separately submitted eight subpoenas.  (ECF No. 75.)  In these subpoenas, plaintiff requests audio recordings of various interviews, various documents and body worn camera footage.[1]  (Id.)

Once a scheduling order has been filed pursuant to Federal Rule of Civil Procedure 16, the "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit instructs district courts to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:

> (1) whether trial is imminent[;] (2) whether the request is opposed[;] (3) whether the non-moving party would be prejudiced[;] (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court[;] (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court[;] and (6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citations omitted).  Furthermore, "[d]istrict courts have 'broad discretion to manage discovery and to control the course of litigation under [Rule] 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

As discussed above, discovery closed on December 19, 2025.  (ECF No. 47 at 6.)  In the request to reopen discovery, plaintiff does not adequately explain why he did not seek the

---

[1] Some of these requests may overlap with requests made in the request for production of documents addressed by this Court in the April 28, 2026 order addressing plaintiff's motion to compel.  (ECF No. 78.)

discovery identified in the subpoenas before the close of discovery.  While plaintiff claims that his prison is on lockdown again (see ECF No. 74 at 1), plaintiff does not explain why a lockdown prevented plaintiff from seeking the discovery identified in the subpoenas before the close of discovery.  Plaintiff also claims that he "made the mistake of listening to attorneys for the AG office hound me over a 'Premature' filing of the motion to compel & I believed them, which made me delay in filing my subpoenas before the allotted time constraints ended."  (Id at 1-2.)  The Court does not understand this claim.  If plaintiff is claiming that attorneys from the California Attorney General's Office somehow misled plaintiff to believe that he could not seek the discovery sought in the subpoenas prior to the close of discovery, this claim is not well supported.  Plaintiff also provides no documentation supporting this claim.  Finally, plaintiff claims that he was under the assumption that discovery was stayed after his discovery requests were objected to and "went to court." (Id. at 2.)  The Discovery and Scheduling Order does not state that discovery is stayed after discovery requests are objected to and/or motions to compel are filed.  (See ECF No. 47.)  This Court also observes that plaintiff is not a novice litigator, as reflected by his statement in the pending request that he is litigating four separate cases at this time. (ECF No. 74 at 1.)  For these reasons, this Court is not persuaded by plaintiff's claim that he believed that discovery was stayed following objections to his discovery and/or the filing of motions to compel.

For the reasons discussed above, this Court finds that plaintiff was not diligent in seeking the discovery identified in the eight subpoenas discussed above.  Accordingly, plaintiff's motion to reopen discovery is denied.  See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006) ( holding that district court acted "well within its sound discretion" in denying request to reopen the discovery cutoff for lack of diligence, "even in the face of requested supplemental discovery that might have revealed highly probative evidence").

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel and request for issuance of subpoenas (ECF No. 66) is denied.

4

2. Plaintiff's request for taped depositions (ECF No. 70) is denied.

3. Plaintiff's motion for an extension of time (ECF No. 74) is denied.

Dated:  May 4, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.ord(6)/2