UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, | No.  2:24-cv-2776 TLN CSK |
| Plaintiff, | |
| v. | ORDER |
| SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 1, 2026, pursuant to the mailbox rule, plaintiff filed a pleading titled "Motion for Default Judgment.  Motion for Summary Judgment."  (ECF Nos. 83 at 51.) For the following reasons, this motion is denied.

On December 9, 2025, pursuant to the mailbox rule, plaintiff filed a motion to compel further responses to request for production of documents nos. 1-10.  (ECF No. 57.)  On April 28, 2026, this Court denied plaintiff's motion to compel filed December 9, 2025 but for plaintiff's request for the dossier made in request no. 4.  (ECF No 78.)  Although labeled as a motion for default judgment and motion for summary judgment, in the pending motion plaintiff argues that this Court erred in denying his motion to compel filed December 9, 2025 but for the request for the dossier made in request no. 4.  (ECF No. 83.)  In the pending motion, plaintiff addresses the ten requests for production of documents addressed by this Court in the April 28, 2026 order, but

for request no. 8.  (Id.)  Accordingly, this Court construes plaintiff's pending motion as a request for reconsideration of the April 28, 2026 order addressing the motion to compel filed December 9, 2025.  Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties."  Id.  Plaintiff's request for reconsideration of the April 28, 2026 order, filed June 1, 2026, is therefore untimely.

To the extent plaintiff's pleading filed June 1, 2026 could be construed as a motion for summary judgment[1], plaintiff's motion does not comply with the Eastern District of California Local Rule 260(a), which requires:  "Each motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Fact' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact."  Local Rule 260(a).  Plaintiff's pending motion does not include a Statement of Undisputed Facts.

Moreover, Federal Rule of Civil Procedure 56(c) requires parties to support their factual assertions at summary judgment by "citing to particular part of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).  While plaintiff attaches 33 exhibits to his pleading filed June 1, 2026 (see ECF No. 83 at 52-208), plaintiff refers to these exhibits in support of his arguments that this Court erred in denying his motion to compel.  Plaintiff does not refer to these exhibits in support of factual assertions made in support of summary judgment, as required by Rule 56(c).  For these reasons, to the extent plaintiff's pleading could be construed as a motion for summary judgment, it is denied without prejudice to its renewal in compliance with

---

[1]  On May 19, 2026, this Court granted defendants' motion to extend the dispositive motion deadline to 45 days from the date of the order.  (ECF No. 81.)  Forty-five days from May 19, 2026 was Friday, July 3, 2026.  Because Friday, July 3, 2026 was a court holiday, the deadline for plaintiff to file a renewed summary judgment motion is Thursday, July 9, 2026.  See Fed. R. Civ. P. 6(a), (d).  If plaintiff files a renewed summary judgment motion, he will likely have to request an extension of time to do so.

Local Rule 260(a) and Federal Rule of Civil Procedure 56(c).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion (ECF No. 83) requesting reconsideration of the April 28, 2026 order denying plaintiff's motion to compel filed December 9, 2025 but for the request for the dossier made in request no. 4, is denied as untimely.

2.  To the extent plaintiff's motion (ECF No. 83) could be construed as a summary judgment motion, this motion is denied without prejudice for the reasons discussed above.

Dated:  July 7, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gall2776.851/2

3